766 So.2d 413 (2000)
Michael ETHRIDGE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1302.
District Court of Appeal of Florida, Fourth District.
August 16, 2000.
*414 Michael Ethridge, Belle Glade, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Michael Ethridge appeals a final order which summarily denied his motion for post conviction relief filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. We affirm in part and reverse in part.
Appellant pled guilty to burglary and grand theft and was sentenced to a total term of ten years in prison as a habitual felony offender. He filed a direct appeal, resulting in the affirmance of his adjudications and sentences in Etheridge v. State, 730 So.2d 692 (Fla. 4th DCA 1999). He then filed a motion for post conviction relief in which he asserted three claims of ineffective assistance of trial counsel, and also argued that he was denied a right to be present during side bar conferences incident to his pleas, and that the trial court erred in failing to render specific performance of his plea agreement. The trial court summarily denied all grounds asserted based on the state's response and record attachments, in the final order now on appeal.
We agree with the summary denial of appellant's grounds four and five because they raise claims which either were raised and rejected on direct appeal, or should have been raised on direct appeal, such that they cannot be asserted in this motion for post conviction relief. See Smith v. State, 445 So.2d 323, 325 (Fla. 1983) (issues which either were or could have been raised upon direct appeal are not cognizable through collateral attack), cert. denied, 467 U.S. 1220, 104 S.Ct. 2671, 81 L.Ed.2d 375 (1984); Torres-Arboleda v. Dugger, 636 So.2d 1321, 1323 (Fla.1994) (proceedings under rule 3.850 are not to be used as a second appeal; nor is it proper to use a different argument to relitigate the same issue). See also Medina v. State, 573 So.2d 293, 295 (Fla.1990).
On the claims of ineffective assistance of counsel, we agree with the trial court's summary denial of grounds one and two based on the state's response and record attachments. However, we disagree with the trial court as to ground three, in which appellant alleged ineffective assistance of his trial counsel for failure to present a defense of voluntary intoxication, and for advising him that he had no potential defense on this ground, leading him to enter his pleas.
The fact that appellant advised the court prior to his sentencing that he had a drug and alcohol problem does not preclude a claim that trial counsel nonetheless rendered ineffective assistance of counsel in allegedly advising him that he had no potential voluntary intoxication defense to the crimes charged. The state argues that there was insufficient evidence of voluntary intoxication, but this claim is wholly without record support. The state concedes that the plea colloquy does not refute appellant's claim on this ground because one cannot voluntarily waive a defense if one has been told it is not available in that case.
The state also argues that trial counsel's failure to present a voluntary intoxication defense may have been a tactical decision. However, a trial court's finding *415 that some action or inaction by defense counsel was tactical is generally improper without an evidentiary hearing. Griggs v. State, 744 So.2d 1145 (Fla. 4th DCA 1999); Guisasola v. State, 667 So.2d 248, 249 (Fla. 1st DCA 1995) (reversing summary denial of claim that counsel was ineffective in investigation and presentation of voluntary intoxication defense).
We affirm as to the trial court's summary denial of grounds one, two, four and five, but reverse as to ground three, and remand for either an evidentiary hearing or the attachment of portions of the record which conclusively refute appellant's claim.
GUNTHER, STONE and POLEN, JJ., concur.