921 So.2d 687 (2006)
Orlando CANETE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2915.
District Court of Appeal of Florida, Fourth District.
February 1, 2006.
Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
EN BANC
STONE, J.
We grant the state's motion for rehearing en banc, withdraw our opinion of June 1, 2005, and substitute the following in its place.
Canete was convicted and sentenced on two counts of third-degree murder and one count of aggravated assault. We affirm. Canete challenges the trial court's denial of his motion to suppress incriminating statements, claiming that the Miranda warnings received were inadequate to fully inform him of his constitutional right to have an attorney present during questioning. See Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), rev. denied sub nom. State v. West, 892 So.2d 1014 (Fla.2005). We resolve this issue en banc as a matter of exceptional importance.
Following his arrest, Canete was taken to the police station and advised of his rights in Spanish, translated as follows:
Officer: Before I ask you any questions I want to advise you what are your *688 rights about the law. You understand that I am a police officer.
Canete: Yes.
Officer: You have the right to remain silent. That means that you don't have to speak or answer any of my questions if you don't want to, do you understand?
Canete: Yes.
Officer: You have the right to speak to an attorney, have an attorney present here before we make any questions, do you understand?
Canete: Yes.
Officer: If you cannot employ an attorney, your own attorney and you are not an attorney, one will be appointed before we can make youask you any questions, do you understand?
Canete: Yes.
Officer: If you decide to answer the questions now, without an attorney present, you still have the right not to answer my questions at any time until you can speak with an attorney, do you understand?
Canete: Yes.
Officer: Knowing and understanding your rights as I have explained [them] to you, are you agreeable to answer my questions without an attorney present?
Canete: Yes.
Officer: When you talk to me anything you answer to my questions can be presented as evidence in a court against you, do you understand?
Canete: Yes.
Without requesting an attorney or asking any questions, Canete signed a waiver form and the interview continued. We reject the argument that the officers failed to advise him of his right to have an attorney present during questioning.
Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), makes it clear that suspects must be informed of their right to have an attorney present before and during questioning. See Franklin v. State, 876 So.2d 607 (Fla. 4th DCA 2004), cert. denied, 543 U.S. 1081, 125 S.Ct. 890, 160 L.Ed.2d 825 (2005); West v. State, 876 So.2d 614 (Fla. 4th DCA 2004), rev. denied, 892 So.2d 1014 (Fla.2005); Roberts. Although Canete was not expressly told that he had the right to have an attorney present "during" questioning, we conclude that the language used by the officer in advising Canete is the functional equivalent of that required in Miranda.
In California v. Prysock, 453 U.S. 355, 359, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981), the Supreme Court recognized that "the `rigidity' of Miranda [does not] exten[d] to the precise formulation of the warnings given a criminal defendant," and "that no talismanic incantation [is] required to satisfy its strictures." A verbatim wording of Miranda is not required, and Miranda warnings need not be given in the exact form described in Miranda. Roberts, 874 So.2d at 1227. Rather, the question is whether the warning adequately fulfills Miranda's substantive requirements.
In Roberts, we recognized that the warning given in that case, as read by sheriff's deputies, from a Miranda rights warning card, was misleading and inadequate to inform Roberts of his right to counsel "during" interrogation. Such is not the case here.
The totality of the warning given in this case was sufficient for Canete to readily infer that he had a right to have an attorney present "during" interrogation. The warning given was sufficient to convey this right to a person of ordinary intelligence and common understanding. It is, therefore, adequate. See Duckworth v. Eagan, 492 U.S. 195, 203, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989).
*689 This case is distinguishable from the circumstances in West and Roberts, where the defendant was advised only that he had the right to counsel before questioning. Although the officers in this case did not use the word "during" or "while" in warning Canete, they did tell him "if you decide to answer the questions now without an attorney present you still have the right not to answer my questions at any time until you can speak with an attorney." They told him that he had the right to the presence of an attorney before they could ask him any questions, and they further asked Canete if he was willing to answer questions without an attorney present. In totality, this was sufficient.
As to the other issues raised on appeal, we also find no reversible error or abuse of discretion. Therefore, the judgment and sentence are affirmed.
WARNER, POLEN, KLEIN, SHAHOOD, GROSS, and MAY, JJ., concur.
STEVENSON, C.J., dissents in which GUNTHER, FARMER, TAYLOR and HAZOURI, JJ., concur.
STEVENSON, C.J., dissenting.
Because the Miranda[1] warnings Canete received were inadequate to inform him of his constitutional right to have an attorney present during questioning, and the admission at trial of the statements obtained was not harmless, I would reverse and remand for a new trial.
The majority distinguishes the warnings given in this case from those found inadequate in Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), rev. denied sub nom. State v. West, 892 So.2d 1014 (Fla.2005), and concludes that the Miranda warnings here were the "functional equivalent" of expressly telling Canete that he had the right to have an attorney present "during" questioning. I respectfully disagree. In so holding, the majority decision is inconsistent with our prior decision in Roberts and violates the rule set forth in Miranda.
When closely analyzed with respect to whether the right to have an attorney present during questioning was conveyed, the warnings given in the instant case cannot be distinguished in any meaningful way from those given in Roberts. To illustrate, the crucial aspects of these warnings must be examined side by side:

Warnings in Roberts Warnings given Canete
1. You have the right to remain silent. 1. You have the right to remain silent.
2. Anything you say can be used against you in a 2. When you talk to me anything you answer may
court of law. be presented as evidence in a court against you.
3. If you cannot afford a lawyer, one will be 3. If you cannot employ an attorney . . . one will
appointed to represent you before any questioning be appointed before we . . . ask you any questions.
if you wish.
4. You have the right to talk with a lawyer and 4. You have the right to speak with an attorney,
have a lawyer present before any questioning. have an attorney present here before we make
 any questions.
 5. If you decide to answer the questions now,
 without an attorney present, you still have the
 right not to answer my questions at any time
 until you can speak with an attorney.

In Roberts, this court correctly recognized *690 that the warnings given were inadequate to inform Roberts of his right to counsel during questioning. The only difference between the warnings in Roberts and the warnings in this case is contained in block 5, where Canete was advised that if he decided to answer questions without an attorney present, he still had the right not to answer questions at any time until he could speak with an attorney. With the addition of that single warning, the majority concludes that Canete could now "readily infer" that he had the right to have an attorney present "during" questioning, but they don't explain why that is so. I don't see where the one leads to the other. The additional warning which the officer gave Canete neither spoke to, nor lent any inferences to whether Canete had the right to have an attorney present during interrogation. If the warnings in Roberts were insufficient to inform a person of ordinary intelligence and common understanding of the right to have an attorney present "during" questioning, then the warnings here were equally inadequate. The outcome here should be no different than in Roberts.
Although no "talismanic incantation" is required for Miranda, see California v. Prysock, 453 U.S. 355, 359, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981), the words used must still be carefully chosen to ensure that the person subjected to custodial interrogation is informed of the constitutional right to counsel's presence during the questioning process. As the Court emphasized in Miranda, "an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation...." Miranda, 384 U.S. at 471, 86 S.Ct. 1602 (emphasis added). A criminal defendant should not have to guess at the substance of his constitutional rights under Miranda. Moreover, our decision in Roberts specified that "Miranda requires a clear, understandable warning from law enforcement officers that conveys all of a defendant's rights. `Only through such a warning is there ascertainable assurance that the accused was aware of this right.'" Roberts, 874 So.2d at 1229 (quoting Miranda, 384 U.S. at 471-72, 86 S.Ct. 1602).
I would conclude that, here, as in Roberts, the officer failed to advise Canete of his right to have counsel present during questioning and that the statements made thereafter should not have been admitted at trial. Since it cannot be concluded that this error was harmless beyond a reasonable doubt, Canete's conviction and sentence should be reversed and this cause remanded for a new trial.
GUNTHER, FARMER, TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).