HAZOURI, J.
David Jackson appeals the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, based on his claim of ineffective assistance of trial counsel. We affirm.
In his motion for post-conviction relief, Jackson argues that his trial attorney was ineffective for failing to raise, as a basis for the suppression of his confession, the defectiveness of the form in which he waived his right to counsel during custodial interrogation. Jackson argues that although the form states that he had the right to have an attorney with him before interrogation, it did not make clear that he had the right to have an attorney with him during questioning. Jackson contends that his attorney should have argued that this omission renders the waiver form constitutionally defective and should have moved to suppress the confession on that basis.
This court has held that the delivery of a Miranda[1] warning without the advisement of the right to the presence of counsel during custodial interrogation is inadequate to fully inform a defendant of his constitutional rights and, therefore, requires the suppression of the confession. See Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), rev. denied sub nom. State v. West, 892 So.2d 1014 (Fla.2005).
However, the Roberts case is distinguishable from the instant case. This ease is controlled by this court’s recent en banc decision in Canete v. State, 921 So.2d 687, 2006 WL 229183 (Fla. 4th DCA Feb. 1, 2006) (en banc).
*773 In Cañete, we noted that although Roberts requires that a defendant be advised that he or she has a right to have an attorney present during an interrogation, the rights waiver form[2] signed by the defendant in Cañete adequately informed him of this right. This court noted in Cañete as follows:
In Roberts, we recognized that the warning given in that case, as read by sheriffs deputies, from a Miranda rights warning card, was misleading and inadequate to inform Roberts of his right to counsel “during” interrogation. Such is not the case here.
The totality of the warning given in this case was sufficient for Cañete to readily infer that he had a right to have an attorney present “during” interrogation. The warning given was sufficient to convey this right to a person of ordinary intelligence and common understanding. It is, therefore, adequate. See Duckworth v. Eagan, 492 U.S. 195, 203, 109 S.Ct. 2875, 106 L.Ed.2d 166 (1989).
[[Image here]]
... Although the officers in this case did not use the word “during” or “while” in warning Cañete, they did tell him “if you decide to answer the questions now without an attorney present you still have the right not to answer my questions at any time until you can speak with an attorney.” They told him that he had the right to the presence of an attorney before they could ask him any questions, and they further asked Cañ-ete if he was willing to answer questions without an attorney present. In totality, this was sufficient.
Canete, 921 So.2d at 688-89.
We conclude as we did in Cañete that Jackson was adequately advised of his right to an attorney during his interrogation because the waiver of rights form signed by Jackson contained the identical explanation of his rights as delineated in Cañete. Jackson affirmatively indicated he understood that if he decided to answer questions without an attorney present, he would still have the right to stop answering questions at any time until he talked to *774 an attorney. Therefore his claim of ineffective assistance of counsel must fail.

Affirmed.

FARMER and MAY, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The form read to Cañete and signed by him read as follows:
Officer: Before I ask you any questions I want to advise you what are your rights about the law. You understand that I am a police officer.
Cañete: Yes.
Officer: You have the right to remain silent. That means that you don't have to speak or answer any of my questions if you don't want to, do you understand?
Cañete: Yes.
Officer: You have the right to speak to an attorney, have an attorney present here before we make any questions, do you understand?
Cañete: Yes.
Officer: If you cannot employ an attorney, your own attorney and you are not an attorney, one will be appointed before we can make you — ask you any questions, do you understand?
Cañete: Yes.
Officer: If you decide to answer the questions now, without an attorney present, you still have the right not to answer my questions at any time until you can speak with an attorney, do you understand?
Cañete: Yes.
Officer: Knowing and understanding your rights as I have explained [them] to you, are you agreeable to answer my questions without an attorney present?
Cañete: Yes.
Officer: When you talk to me anything you answer to my questions can be presented as evidence in a court against you, do you understand?
Cañete: Yes.
Canete, 921 So.2d at 687-88.