929 So.2d 1096 (2006)
Theodore BRAMWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4497.
District Court of Appeal of Florida, Fourth District.
May 3, 2006.
Maury Halperin, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for first degree felony murder and aggravated child abuse of his daughter. He raises numerous issues. We affirm on all issues, but write to address the defendant's claim of ineffective assistance of counsel for his attorney's failure to file a motion to suppress his confession based upon deficient Miranda[1] warnings.
In his second issue, the defendant claims that he was not advised of his right to counsel "during" questioning. Relying upon this court's opinion in Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), he argues his attorney rendered ineffective assistance of counsel when he failed to challenge those warnings in a motion to suppress. He suggests this failure warrants a reversal. We disagree.
In this case, the rights read to the defendant from the preprinted card did fail to advise the defendant of his right to counsel "during" questioning. However, the defendant also signed a waiver of rights form prior to being questioned. That form included the following language:
If you decide to answer questions now, without an attorney present, you will still have the right to stop answering my *1097 questions at any time until you talk to an attorney. Do you understand?
In Canete v. State, 921 So.2d 687 (Fla. 4th DCA 2006), this court found virtually identical language sufficient to advise the defendant of his right to counsel "during" questioning. For this reason, we dispose of the defendant's contention that his counsel rendered ineffective assistance of counsel on this basis and affirm on this issue.[2]
Affirmed.
STONE and SHAHOOD, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] The defendant also raised a claim of ineffective assistance of counsel concerning statements made by his attorney during voir dire. We decline to address this issue on direct appeal and affirm without prejudice to the defendant's right to pursue this claim pursuant to Florida Rule of Criminal Procedure 3.850.