937 So.2d 1199 (2006)
Willie RUSS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1068.
District Court of Appeal of Florida, First District.
September 13, 2006.
Willie Russ, pro se, Appellant.
Charlie Crist, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
*1200 WOLF, J.
The appellant challenges the trial court's summary denial of his postconviction motions filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to all issues raised by appellant but feel it instructive to address one. Because there was sufficient evidence in the written plea agreement to refute appellant's allegation that his plea was involuntary because he was under the influence of psychotropic medication, we affirm.
Appellant asserts his plea was involuntarily entered because he was under the influence of psychotropic medication at the time of the plea's entry. However, in his written plea agreement, directly above his signature, the agreement included the following provision:
I state to the court that I am not under the influence of drugs or alcohol, that no one has forced me to enter this plea, and that I am entering this plea freely and voluntarily.
(emphasis added). In addition, during his plea colloquy, the following discussion transpired:
THE COURT: And the plea form that she handed to me, that you signed in my presence, did you have a chance to read this over carefully?
THE DEFENDANT: Yes, sir.

*1201 THE COURT: And did you go over it with your attorney as well?
THE DEFENDANT: Yes.
THE COURT: And did you have any questions about anything you read on the form?
THE DEFENDANT: No.
THE COURT: And on the back, where it says defendant, that is your signature?
THE DEFENDANT: Yes.
A claim of ineffective assistance of counsel for failure to object to a plea's entry based on the appellant's use of psychotropic medication during the plea hearing may be refuted where an appellant affirmatively states that his medication does not affect the knowing and voluntary nature of his plea. See Iacono v. State, 930 So.2d 829, 830 (Fla. 4th DCA 2006); see also Bond v. State, 695 So.2d 778 (Fla. 1st DCA 1997) (determining appellant's claim that he was under the influence of psychotropic medication was refuted by the record). In addition, while it has long been recognized that written plea agreements and plea colloquies may not be sufficiently specific to conclusively refute the appellant's later postconviction claims, where an appellant makes a clearly and wholly inconsistent affirmance which contradicts his later postconviction claim, such claim may be summarily denied. See State v. Leroux, 689 So.2d 235, 237 (Fla.1996); see also Golden v. State, 703 So.2d 1207 (Fla. 1st DCA 1997) (acknowledging the written plea agreement may refute the appellant's postconviction claims but remanding for attachment of a complete and signed written plea agreement). Furthermore, a written plea agreement alone may refute a postconviction claim. See Hill v. State, 895 So.2d 1122, 1123 (Fla. 4th DCA 2005) (holding that both the plea colloquy and the written plea agreement should be analyzed for statements which conclusively refute the appellant's postconviction claims prior to summarily denying the motion) (emphasis added).
The appellant signed a written agreement affirming that he was not under the influence of drugs during the entry of his plea. Further, the appellant agreed in his plea colloquy that he had twice considered the provisions of his plea agreement and that he had no objections to the plea's entry.[1] Thus, because the appellant categorically denied being under the influence of medication at his plea hearing, we affirm the trial court's summary denial of this claim.
LEWIS and THOMAS, JJ., concur.
NOTES
[1] We are not unmindful of the case of Barnes v. State, 801 So.2d 989 (Fla. 1st DCA 2001); we, however, find that case is not controlling because there is no indication what was actually contained in the appellant's written plea agreement or whether, during the plea colloquy, the appellant acknowledged that he read and understood the written plea agreement.