952 So.2d 1290 (2007)
Diansky ROUZARD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2686.
District Court of Appeal of Florida, Fourth District.
April 18, 2007.
*1291 Diansky Rouzard, Moore Haven, pro se.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant in part the State's motion for rehearing, withdraw our previous opinion of February 21, 2007, and issue the following in its place.
Diansky Rouzard appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850 and his timely-filed amended motion. We find that one claim warrants further proceedings.
In claim three of his amended motion, appellant alleged his trial attorney provided ineffective assistance in failing to move to suppress his taped statement on the ground that the Miranda warnings were deficient[1] and in failing to advise him of the deficiency. Rouzard alleged that had he known about the deficiency in the Miranda warnings, he would not have entered *1292 the plea, but, instead, would have elected to go to trial.
Counsel may be ineffective for not moving to suppress a defendant's statement made during a police interrogation if the statement was involuntary or the defendant did not receive adequate Miranda warnings. See, e.g., Anthony v. State, 927 So.2d 1084 (Fla. 4th DCA 2006); Stancle v. State, 917 So.2d 911 (Fla. 4th DCA 2005); Fletcher v. State, 890 So.2d 1167 (Fla. 5th DCA 2004).
Here, the State argues appellant waived this issue when he entered the plea. However, a defendant cannot voluntarily waive defenses of which he is not informed. See Wilson v. State, 871 So.2d 298 (Fla. 1st DCA 2004); Ethridge v. State, 766 So.2d 413, 414 (Fla. 4th DCA 2000).
We also conclude that appellant's amended motion was timely filed within two years of his conviction becoming final and that his claim is not based on newly-discovered evidence. See Small v. State, 941 So.2d 555 (Fla. 1st DCA 2006). Contrary to the State's argument, appellant's claim of ineffective assistance of counsel is not dependent upon our decision in Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), rev. denied sub nom. State v. West, 892 So.2d 1014 (Fla.2005). Rather, his claim is based on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Miranda was available when appellant entered his plea and defense counsel could have raised the same challenge to the Broward form as that raised by Roberts' attorney. See Anthony v. State, 927 So.2d 1084 (Fla. 4th DCA 2006). We are not deciding at this time whether counsel was deficient in failing to raise this issue. Whether counsel was deficient may depend on the circumstances in this case, including the content of appellant's statement to police and the other evidence against him.
Accordingly, we reverse and remand for further proceedings on this claim. We note that the State did not address the merits of this claim below. There may be records showing that the warnings given here were different from those given in Roberts or that the warnings appellant received were otherwise sufficient. See Canete v. State, 921 So.2d 687 (Fla. 4th DCA) (en banc), rev. denied, 944 So.2d 986 (Fla.2006). If no records refute his allegation that the Miranda warnings were insufficient, the court must determine whether counsel was deficient in failing to raise this issue and whether appellant has shown there is a reasonable probability that, but for counsel's failure to inform him of the deficiency in the warnings and failure to file a motion to suppress, he would not have entered the plea. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The summary denial of the remaining claims is affirmed.
STEVENSON, C.J., FARMER and TAYLOR, JJ., concur.
NOTES
[1] In claim one of his original rule 3.850 motion, appellant indicated that the Miranda warnings he received had the same deficiency as the warnings given in Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), rev. denied sub nom. State v. West, 892 So.2d 1014 (Fla. 2005); in other words, he was not told that he had the right to have an attorney present during questioning.