958 So.2d 612 (2007)
Cory PETRUNY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2391.
District Court of Appeal of Florida, Fourth District.
June 27, 2007.
Cory Petruny, Miami, pro se.
Bill McCollum, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Cory Petruny appeals the summary denial of his multi-claim postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further review of one point.
*613 Petruny claims that his plea is involuntary in light of trial counsel's failure to move to suppress statements. Petruny alleges that there was a defect in the Miranda warnings that were administered by police. See Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), rev. denied, 892 So.2d 1014 (Fla.2005) (finding that the warning given was insufficient to satisfy Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because it failed to advise of the right to have counsel present during questioning and advised merely that defendant could have counsel present before questioning). As this court has recognized, a defendant cannot voluntarily waive defenses of which he is not informed. Rouzard v. State, 952 So.2d 1290 (Fla. 4th DCA 2007); see also Wilson v. State, 871 So.2d 298 (Fla. 1st DCA 2004); Ethridge v. State, 766 So.2d 413, 414 (Fla. 4th DCA 2000).
The record before this court does not reveal that comparable and sufficient warnings were given. Compare Canete v. State, 921 So.2d 687 (Fla. 4th DCA) (en banc), rev. denied, 944 So.2d 986 (Fla. 2006). If no records are available to refute Petruny's claim, the trial court on remand must determine whether Petruny has shown there is a reasonable probability that, "but for counsel's failure to inform him of the deficiency in the warnings and failure to file a motion to suppress, he would not have entered the plea." Rouzard, 952 So.2d at 1292 (citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). The summary denial of the remaining claims is affirmed.
POLEN, GROSS and TAYLOR, JJ., concur.