979 So.2d 1137 (2008)
Lukens MARTELUS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4395.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
In this appeal of the trial court's denial of appellant's motion for postconviction relief after an evidentiary hearing, the appellant claims that trial counsel was ineffective for failing to move to suppress his confession given after a deficient Miranda warning. We affirm, as the evidentiary hearing revealed that the arresting officers had read sufficient Miranda warnings shortly before appellant signed a Miranda card containing the deficient warning.
Police officers took appellant Martelus into custody pursuant to an outstanding warrant for robbery. Prior to commencing interrogation, the lead officer, Franquiz, testified that he read Martelus the Miranda rights from a card. The rights he read included Martelus's right to have an attorney present during questioning. Franquiz asked Martelus whether he understood those rights and Martelus responded that he did.
Before questioning could commence, Franquiz waited for the arrival of a second officer, Jenkins. Jenkins presented Martelus with a Miranda waiver form which Martelus read and signed. Several minutes or less than an hour elapsed from when Franquiz read the Miranda warnings card until Jenkins presented him with the written waiver form. The written waiver form did not advise Martelus of his right to have counsel present during questioning. Jenkins then took a statement from Martelus. After this statement, Franquiz asked Martelus about whether Martelus had read and understood the Miranda rights form. Martelus answered in the affirmative, and Franquiz then took another statement from Martelus regarding the robbery.
Although Martelus testified at the evidentiary hearing that Franquiz never verbally advised him of his rights, the trial court found otherwise, concluding that *1139 Martelus was given two Miranda warnings, the second of which failed to inform him of his right to an attorney during questioning. Notwithstanding the fact that Franquiz referenced the written rights before obtaining the second statement, that did not take away from the fact that less than an hour earlier Martelus was orally advised of the rights and acknowledged that he understood them. The court determined, as a factual matter based upon the testimony and the evidence, that Martelus was properly informed of his Miranda rights. Based upon that, the court found that there was no deficiency on the part of counsel and no prejudice to Martelus. There was no testimony from Martelus that had he known he had a right to have a lawyer during questioning, he would have stopped his statement and asked for a lawyer. Accordingly, the court denied the rule 3.850 motion.
On appeal, Martelus continues to argue that counsel was ineffective in failing to move to suppress his confession on the ground that it was immediately preceded by a legally inadequate Miranda warning. While Martelus acknowledges that the trial court found that Franquiz provided legally adequate Miranda warnings, he argues that his statements were not made in response to the legally sufficient warnings but rather were made in response to the deficient Miranda warnings. Because Martelus received a legally adequate warning shortly before the statement, counsel was not deficient for failing to move to suppress the statement.
Our supreme court has recognized that "[t]here is no requirement that an accused be continually reminded of his rights once he has intelligently waived them." Nixon v. State, 572 So.2d 1336, 1344 (Fla.1990). In Nixon, appellant claimed that his statement made to a detective was inadmissible because it was given without the full benefit of Miranda warnings. The supreme court disagreed, finding that appellant was given full Miranda warnings on at least four separate occasions and acknowledged that he understood his rights. He then gave a taped confession. Approximately eight hours after giving the taped confession, a detective told appellant that he had a question to ask him and gave him abbreviated Miranda warnings. Appellant made a statement that he later moved to suppress. Although the detective did not give appellant a full Miranda warning, the supreme court determined that the trial court correctly ruled that appellant understood his rights and knowingly and intelligently waived them prior to the challenged statement.
Bramwell v. State, 929 So.2d 1096 (Fla. 4th DCA 2006), is also instructive. There, the defendant was read defective Miranda rights from a preprinted card that failed to advise him of his right to counsel during questioning. However, he also signed a waiver of rights form prior to being questioned which contained language sufficient to advise him of his right to counsel. For this reason, this court found that counsel did not render ineffective assistance in failing to move to suppress defendant's confession based upon deficient Miranda warnings.
Martelus was first given correct warnings followed by defective warnings, which is different from the facts of Bramwell but similar to the facts of Nixon. As he was provided legally adequate Miranda warnings which he acknowledged that he understood, we conclude that his receipt of deficient warnings shortly thereafter does not require suppression of his statement. See also Maguire v. United States, 396 F.2d 327, 331 (9th Cir.1968); People v. Sandoval, 736 P.2d 1201, 1204 n. 3 (Colo. 1987).
*1140 Martelus relies on State v. Hart, 412 N.W.2d 797, 802 (Minn.Ct.App.1987), to argue that counsel was deficient in failing to raise a meritorious ground for seeking suppression of the statements. In that case, the defendant was given an adequate Miranda warning but made no statement. Several hours later, he signed a legally deficient Miranda rights waiver form. The trial court suppressed the statement, because the statement resulted from the defective warnings. The appellate court affirmed, concluding that the trial court was not clearly erroneous in suppressing the statement under the circumstances.
Hart does not establish a bright-line rule but determined that under the totality of the circumstances of that case, the statement should be suppressed. Here, the defective warnings were given shortly after the correct warnings, unlike the more significant time difference in Hart. Furthermore, the defective warning in Hart told the defendant that counsel would be appointed by a judge if he appeared in court. Thus, his right to counsel under those warnings made counsel unavailable to the defendant at any time before, during, or after questioning by the police. This is clearly a more substantial defect than the defect present in the written waiver form in this case.
The mere fact that one case decided in another state twenty years ago, which does not comport with more recent Florida law, might support a motion to suppress does not amount to a conclusion that counsel in this case was defective for failing to move to suppress the confession. The trial court's ruling must be affirmed.
STONE, and FARMER, JJ., concur.