996 So.2d 888 (2008)
Angel MONTERO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-3828.
District Court of Appeal of Florida, Fourth District.
November 19, 2008.
Rehearing Denied January 15, 2009.
*890 Angel Montero, Indiantown, pro se.
No appearance required for appellee.
PER CURIAM.
We affirm the trial court's summary denial of appellant's Florida Rule of Criminal Procedure 3.850 motion but for reasons other than those given by the state's response which was adopted by the trial court in its order of denial.
Appellant entered a negotiated guilty plea in the two cases at issue to charges of burglary and dealing in stolen property. Appellant, who was facing a maximum sentence of 131 years in prison as a habitual felony offender (HFO), received concurrent HFO sentences of 15 years and one day in prison on each of the second degree felony charges with a 15-year mandatory minimum sentence as a prison releasee reoffender.
In his postconviction motion, appellant alleged that counsel was ineffective in failing to advise him that he had available an involuntary intoxication defense. Appellant alleged that, at the time of the offenses, he was under the influence of hydrocodone (Lorcet) and alprazolam (Xanax). He argued that because he had a prescription for these medications, an involuntary intoxication defense was available. Additionally, he argued that counsel should have investigated the doctor that had prescribed him these drugs and appellant's prior brain injury and surgery.
The state's response below argued that appellant waived these claims by entering his plea. The trial court adopted and attached the state's response to its order of denial.
A postconviction movant is prohibited from going behind a plea to raise issues that were known at the time the plea was entered. Stano v. State, 520 So.2d 278 (Fla.1988); Gidney v. State, 925 So.2d 1076 (Fla. 4th DCA 2006). Nevertheless, the claim in this motion was that counsel failed to advise the movant of a potential defense and, as a result, the plea was not knowingly and voluntarily entered. A defendant's guilty plea does not waive claims of ineffective assistance of counsel regarding unknown defenses about which the defendant was not advised. Petruny v. State, 958 So.2d 612, 613 (Fla. 4th DCA 2007); Rouzard v. State, 952 So.2d 1290, 1292 (Fla. 4th DCA 2007).
We nevertheless affirm the summary denial of this claim because it is facially insufficient and cannot reasonably be amended in good faith to state a sufficient claim. See Spera v. State, 971 So.2d 754, 762 (Fla.2007) (permitting postconviction movants to amend claims "only if they can be amended in good faith").
Section 775.051, Florida Statutes (1999), abolished the voluntary intoxication defense for offenses committed after July 1, 1999. This statute contains an exception *891 that applies "when the consumption, injection, or use of a controlled substance under chapter 893 was pursuant to a lawful prescription issued to the defendant by a practitioner as defined in s. 893.02." Id.
The statute's exception is essentially a codification of the involuntary intoxication defense previously acknowledged by this court. See Lucherini v. State, 932 So.2d 521, 522 n. 1 (Fla. 4th DCA 2006). This exception applies where the defendant unexpectedly becomes intoxicated by prescribed medication that is taken in a lawful manner. Brancaccio v. State, 698 So.2d 597 (Fla. 4th DCA 1997). A claim of this type of involuntary intoxication, i.e., a claim under the statutory exception, does not apply where the defendant abuses the prescribed medication by exceeding the prescribed dosage. Cobb v. State, 884 So.2d 437 (Fla. 1st DCA 2004).
Appellant did not allege that he took the hydrocodone and alprazolam in the prescribed dosage, or that he advised counsel that he unexpectedly became intoxicated as a result of taking his lawful prescription. Hydrocodone and alprazolam are two widely-abused prescription drugs that have well-known intoxicating effects. Appellant has a history of drug possession and sale offenses. The suggestion that appellant unexpectedly became intoxicated after taking the prescribed dose of these drugs, and that the intoxication prevented him from forming the specific intent for the offenses, is unreasonable.
The factual basis for the plea shows that appellant forcefully broke into the victim's home, stole about $6000 worth of property, and subsequently pawned some of that property. While pawning the property, appellant signed pawn slips, providing his fingerprints and identification. He pawned some of the stolen items on the same day as the burglary, and pawned more of the stolen items seven days later. Appellant, however, fails to explain how his alleged intoxication prevented him from forming the specific intent to commit these offenses. Appellant also fails to establish a prima facie case that counsel performed deficiently in failing to advise him about an involuntary intoxication defense.
The general rule is that a defendant's allegations in a rule 3.850 motion must be accepted as true, and that an evidentiary hearing is required if the allegations are not conclusively refuted by the record. An exception exists, however, where the allegations are "inherently incredible." Evans v. State, 843 So.2d 938, 940 (Fla. 3d DCA 2003) (finding that a defendant's claim that he would not have entered his plea was "so thoroughly contrary to common sense as to be inherently incredible, and does not warrant a hearing").
In this case, appellant's suggestion that he would not have entered his plea if counsel had advised him of the purported defense is inherently unbelievable and contrary to common sense. See, e.g., Grosvenor v. State, 874 So.2d 1176, 1181 (Fla. 2004) (explaining that the merit of any potential defense is relevant to the credibility of defendant's assertion that he would have insisted on going to trial). Here, the glaring lack of merit in appellant's alleged defense, coupled with the substantial benefit appellant received pursuant to the plea, renders his claim inherently unreasonable and not subject to amendment "in good faith." To establish a valid claim in this case, appellant would have to establish a "reasonable probability" that, but for counsel's deficient performance, he would not have entered the plea and would have insisted on going to trial. Id. (citing Hill v. Lockhart, 474 U.S. *892 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Under the circumstances of this case, appellant cannot meet the prejudice standard even if permitted to amend his claim.
Furthermore, we find that trial counsel did not perform deficiently. Reasonably competent counsel would not have advised a defendant that involuntary intoxication was a defense under these circumstances. Under the standard announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), reasonably competent counsel is not required to advise a defendant contemplating entry of a plea of every conceivable defense that might apply in a case. Appellant did not show that an involuntary intoxication defense was reasonably viable under the facts of this case and, as a result, cannot show that counsel failed to perform at the level required by the Constitution.
Appellant also claimed that his plea was involuntary because he was under the effect of psychotropic medication when he entered into it. Appellant, however, was specifically questioned on the record regarding the Trazodone that he had taken to treat his depression and the medication he had taken for his high blood pressure. He testified under oath that these medications were not affecting his ability to understand the proceedings. He answered all questions during the plea hearing appropriately, and independently asked questions of the court that demonstrated his understanding of the proceedings. He cannot go behind his sworn assertions and challenge the voluntariness of his plea. Iacono v. State, 930 So.2d 829 (Fla. 4th DCA 2006); Russ v. State, 937 So.2d 1199 (Fla. 1st DCA 2006); Kirby v. State, 733 So.2d 1054 (Fla. 1st DCA 1999). The record conclusively refutes his allegations that he was not mentally competent to enter a plea.
Finally, appellant filed a supplemental motion, arguing that the records introduced to prove his qualification for enhanced sentencing were insufficient. This claim was shown by the state's response below to be without merit, and appellant has abandoned this claim in this appeal by failing to present any argument on the issue in his initial brief. Shere v. State, 742 So.2d 215, 217 n. 6 (Fla.1999).
Affirmed.
GROSS, TAYLOR and HAZOURI, JJ., concur.