FULMER, Judge.
 

 Henry Mondy appeals the summary denial of his motion for posteonviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, he raised two claims. We affirm the postconviction court’s denial of relief as to claim one without further comment. As to claim two, we reverse for further proceedings.
 

 Mondy entered a negotiated guilty plea to three counts of robbery with a weapon and one count of possession of cocaine. In accordance with his plea, he was sentenced as a prison releasee reoffender to concurrent terms of thirty years in prison for the robbery counts and five years for the possession count. He did not file a direct appeal.
 

 In claim two of his pro se motion for postconviction relief, Mondy asserted, inter alia, that he received ineffective assistance of counsel because his counsel failed to make a motion to suppress Mon-dy’s
 
 post-Miranda
 

 [1]
 

 custodial statements
 
 *1252
 
 given under duress and compulsion.
 
 [2]
 
 He asserted that he told counsel that he confessed to two St. Petersburg police detectives after he was subjected to direct threats. He asserted that he advised counsel that the detectives told him if he did not confess he would be charged with several robberies regardless of whether he did them. He contends that he would have insisted on going to trial but for counsel’s errors.
 

 The postconviction court found that the claim was refuted by the plea colloquy, during which Mondy acknowledged he was satisfied with the representation of his counsel. The postconviction court reasoned that Mondy was aware of any potential issue regarding his custodial statement at the time of his plea but that he nonetheless acknowledged satisfaction with his counsel and chose to enter a plea.
 

 Mondy’s claim that his counsel failed to move for suppression of a coerced confession states a facially sufficient claim of ineffective assistance.
 
 See Rouzard v. State,
 
 952 So.2d 1290, 1292 (Fla. 4th DCA 2007) (“Counsel may be ineffective for not moving to suppress a defendant’s statement made during a police interrogation if the statement was involuntary or the defendant did not receive adequate
 
 Miranda
 
 warnings.”);
 
 see also Brown v. State,
 
 967 So.2d 440, 443 (Fla. 4th DCA 2007) (reversing summary denial of claim that counsel was ineffective for failing to file a motion to suppress statements made to police after an inadequate
 
 Miranda
 
 warning). The postconviction court erred in concluding that the plea colloquy conclusively refutes this claim. Mondy claimed that he advised his counsel of the officers’ threats and coercion; however, he did not indicate that he knew about the remedy of suppression at the time he entered the plea, which the postconviction court’s ruling assumes. “[A] defendant cannot voluntarily waive defenses of which he is not informed.”
 
 Rouzard,
 
 952 So.2d at 1292;
 
 see also Wilson v. State,
 
 871 So.2d 298, 299 (Fla. 1st DCA 2004) (finding that plea colloquy did not refute claim that counsel failed to file a motion to suppress incriminating custodial statements made without benefit of
 
 Miranda
 
 warnings).
 

 By alleging that he would have insisted on going to trial but for counsel’s errors, Mondy sufficiently alleged facts to satisfy the prejudice prong of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 See Deck v. State,
 
 985 So.2d 1234, 1237-38 (Fla. 2d DCA 2008);
 
 Brown,
 
 967 So.2d at 443. Therefore, we reverse and remand for the trial court to conduct an evidentiary hearing at which Mondy will be given the opportunity to prove his claim that counsel was ineffective for failing to file a motion to suppress coerced statements.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and VILLANTI, JJ., Concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [2]
 

 . He also asserted that counsel should have moved to suppress out-of-court show-up identification evidence. However, he gives no reason why this evidence was subject to suppression. Because he failed to allege any deficient performance on the part of counsel, we conclude that this portion of the claim was properly denied.