PER CURIAM.
Jonathan Bluntson appeals the trial court’s partial denial of post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. He argues that the trial court’s denial of his post-conviction request to withdraw his plea must be reversed due to various instances of ineffective assistance of counsel which rendered his plea involuntary. We disagree and affirm the trial court’s order.
The trial court conducted a limited evi-dentiary hearing on Appellant’s claims that counsel had misadvised him regarding his jail credit award and that counsel failed to object to the sentences imposed for Appellant’s third degree felony counts. Also considered at the evidentiary hearing was the voluntariness of Appellant’s plea when counsel mistakenly advised Appellant that his maximum sentence exposure was 125 years incarceration rather than 115 years.
Considering the jail credit and sentences exceeding the statutory maximum for third degree felonies, the trial court awarded additional jail credit and corrected the sentences for the third degree felony counts after the evidentiary hearing. These sentencing errors did not render Appellant’s plea involuntary and did not require the court to allow Appellant to withdraw his plea. When a sentencing error is discovered in post-conviction proceedings, the trial court has the option to “correct the sentence as may appear appropriate.” Fla. R.Crim. P. 3.850(d). Appellant has failed to show any error in the trial court’s disposition of these issues.
Appellant’s claim that counsel was ineffective for misadvising him of his maximum sentence exposure prior to the entry of the plea, rendering his plea involuntary, was properly rejected by the trial court. This issue was considered at the evidentia-ry hearing and testimony of trial counsel was presented. The trial court noted that at the original sentencing, the maximum sentence was discussed and the court informed Appellant that he faced a maxi *628 mum of 115 years in prison if he went to trial. Any previous error by defense counsel was cured by the trial court’s statement at sentencing. Alfred v. State, 998 So.2d 1197 (Fla. 4th DCA 2009).
The trial court’s order also addressed issues raised in the amended motion for post-conviction relief but not addressed at the evidentiary hearing. The trial court denied relief on these issues and attached portions of the record showing that Appellant was entitled to no relief. Fla. R.App. P. 9.141. Specifically, the attachments support the trial court’s ruling that if Appellant had gone to trial, he would have qualified for statutory sentence enhancements for repeat offenders. Appellant failed to show any misadvice of counsel pertaining to statutory sentence enhancements or other grounds upon which his pida might be found involuntary.
Finally, Appellant’s post-hearing claim that counsel failed to advise him of an available defense to the charges of dealing in stolen property was properly rejected by the trial court. The trial court attached portions of the record showing a factual basis for the plea and the plea itself, which included Appellant’s waiver of his right to present defenses. See Russ v. State, 937 So.2d 1199 (Fla. 1st DCA 2006). In addition to the plea, the trial court attached the portion of the plea colloquy where Appellant confirmed to the court that he understood that he was waiving his right to make the State prove its case against him beyond a reasonable doubt.
Because Appellant has failed to show any error in the trial court’s order, the order on appeal is AFFIRMED.
LEWIS, CLARK, and MARSTILLER, JJ., concur.