DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TAMARIUS MARQUE ALEXANDER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3588

[September 16, 2020]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562010CF002254A.

Michelle Walsh of the Law Offices of Michelle Walsh, P.A., Miami, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

In this appeal of the denial of appellant's motion for postconviction relief, appellant contends that the trial court erred in determining that no ineffective assistance of counsel occurred. While the evidence presented at the hearing showed that appellant's first attorney failed to inform him of the potential for habitual offender sentencing when conveying a plea offer, the trial court found that his second attorney did inform him of it when conveying the identical plea offer, which had not been withdrawn by the State. With that knowledge, appellant rejected the plea offer. Because the ineffective assistance of the first attorney was cured by the second attorney, we affirm.

The State charged appellant with possession of a firearm by a convicted felon. In addition, the State charged him with four other charges, including armed burglary of a dwelling, grand theft, and dealing in stolen property. Appellant was convicted of the possession of the firearm charge. The remaining charges were dismissed just prior to trial. The State then moved for Habitual Offender ("H.O.") sentencing, and appellant was

sentenced to thirty years in prison. He appealed, and this court affirmed his conviction and sentence. *Alexander v. State,* 169 So. 3d 1187 (Fla. 4th DCA 2015).

Appellant filed a motion for postconviction relief alleging that his two attorneys who represented him during the proceedings were both ineffective for failing to advise him that he was subject to H.O. sentencing when they communicated the State's plea offer. The State made a global plea offer of fifteen years in prison on all charges. Appellant's attorney at the time conveyed the offer but failed, according to appellant, to advise him that he could be subject to H.O. sentencing, which would increase the potential sentence for the firearm charge to thirty years.

His first attorney withdrew, and another attorney was appointed to represent appellant. The State again conveyed the same offer. In his motion, the appellant alleged that his second attorney likewise failed to advise him of the potential of H.O. sentencing.

The trial court held an evidentiary hearing on the claim. Appellant testified that his first attorney failed to explain H.O. sentencing to him when he conveyed the global plea of fifteen years as a prison releasee reoffender, which was a mandatory term. He knew that he was facing two life sentences on some of the charges, but he was not informed that as a habitual offender he could receive up to thirty years for the firearm possession charge. He rejected the plea as he was convinced of the strength of his defense to the greater charges, although he thought he had less of a chance at acquittal on the firearm charge. He testified that had he known that he could face thirty years on the firearm charge he would have accepted the plea.

Shortly after he rejected the plea offer for a second time, he was assigned a new attorney. His new attorney also conveyed the State's global offer of fifteen years mandatory on all charges. According to appellant, his second attorney also did not advise him of H.O. sentencing and the possibility that he could receive a sentence of thirty years. His attorney advised him that the State would drop the more serious charges and that the firearm charge would be the main concern. He also rejected that plea offer.

The second attorney testified that he did indeed discuss H.O. sentencing with appellant when conveying the fifteen-year plea offer. He told appellant that he could be subject to H.O. sentencing of up to thirty years on the firearm charge. Appellant, however, was adamant about

2

going to trial on the charges, including the possession charge, as he thought he had a good case.

Once the second attorney testified that he had advised appellant of the H.O. sentencing, the State elected not to call the first attorney. The prosecutor contended that, as the second attorney advised appellant of the H.O. consequences prior to rejecting the plea for the final time, appellant was properly advised, and no ineffective assistance occurred.

The trial court denied the motion, accepting the second attorney's testimony that he had informed appellant of the H.O. sentencing consequences.

On appeal, appellant contends that because the first attorney did not testify, and appellant testified that the first attorney did not inform him of the H.O. sentencing potential, the first attorney provided ineffective assistance of counsel. Under *Strickland v. Washington*, 466 U.S. 668 (1984), ineffective assistance was established, and the trial court should have evaluated the case based upon the criteria of *Alcorn v. State*, 121 So. 3d 419, 422 (Fla. 2013).

Although appellant may not have been advised of the H.O. sentencing when the plea was offered the first time, he was advised of the consequences when the *same* plea offer was extended the second time. Any ineffective assistance of the first attorney was cured by the effective assistance of the second attorney.

That the second attorney cured the mistake of the first attorney is similar to cases in which the trial court's plea colloquy cures the misadvice of trial counsel. For instance, in *Alfred v. State*, 998 So. 2d 1197 (Fla. 2009), the defendant claimed misadvice of counsel as to the possible length of his sentence when he agreed to plead guilty. The trial court denied his motion to withdraw his plea, citing the court's extensive plea colloquy which clearly explained to the defendant that the court had discretion to impose a sentence up to life in prison. On appeal the court noted, in affirming, that the trial court's thorough plea colloquy cured any possible misadvice given to the defendant by his counsel. Similarly, in *Bluntson v. State*, 98 So. 3d 626 (Fla. 1st DCA 2012), the defendant claimed that his attorney misadvised him as to the possible length of his sentence should he plead guilty. However, the trial court had properly advised him of the maximum sentence in the plea colloquy, and "[a]ny previous error by defense counsel was cured by the trial court's statement at sentencing." *Id.* at 628.

3

Similarly, in this case, the appellant received the correct advice regarding the sentencing consequences prior to his final rejection of the global plea offer: the *same* plea offer which was presented through his first attorney. He cannot claim prejudice where he rejected the same offer with full knowledge of the potential sentencing consequences.

Appellant seizes upon part of a statement in *Alcorn* which emphasizes that prejudice must be assessed based upon the facts and circumstances "*at the time of the offer.*" 121 So. 3d at 432. However, that is only part of the quotation. The *Alcorn* court stated, "Prejudice therefore is determined based upon a consideration of the circumstances as viewed *at the time of the offer* and what would have been done *with proper and adequate advice.*" *Id.* The appellant did not testify at the hearing that the circumstances were any different between the time he rejected the plea the first time and the time he rejected it the second time. Just as in *Alfred* and *Bluntson,* the prejudice was cured, because he was properly advised prior to his final rejection of the plea offer.

Because the second attorney properly advised appellant as to the H.O. sentencing consequences that he faced upon a conviction, when evaluating the *same* offer that was made to him through his prior attorney, appellant cannot claim ineffective assistance for his prior counsel's failure to advise of his H.O. status. We affirm the trial court.

*Affirmed.*

MAY and ARTAU, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**