721 So.2d 763 (1998)
Rodolfo DELACRUZ, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02771.
District Court of Appeal of Florida, Second District.
November 13, 1998.
PER CURIAM.
Rodolfo Delacruz appeals the denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Delacruz's motion raised numerous grounds attacking his conviction, following a guilty plea, for DUI manslaughter and for leaving the scene of an accident involving serious injury or death. He was sentenced to seventeen years in prison followed by three years' probation. We agree with the trial court's disposition of all but one of these claims, and affirm the trial court's order except as set forth in this opinion.
In arguing that his plea was involuntary, Delacruz alleged that he was misinformed by his trial counsel as to the maximum penalty he faced if he proceeded to trial and was found guilty. He maintains that his counsel told him he could receive a prison term of twenty-five to thirty years if convicted of both counts. He alleges that this advice was erroneous and that had he known his actual maximum potential penalty, he would not have entered a guilty plea.
A review of the portions of the record provided to us shows that if Delacruz was advised as he alleges, he was indeed misinformed. It is true that Delacruz was charged with two second-degree felonies, and, absent the guidelines, the most severe prison sanction he could receive was thirty years. See § 775.082(3)(c), Fla. Stat. (1997). However, according to the guidelines, Delacruz could receive no more than nineteen years' imprisonment absent a valid departure sentence. There is nothing in the record before us which indicates a departure sentence would be warranted. Therefore, the most severe prison sanction Delacruz could have received may well have been six to eleven years less than what he was allegedly told he could receive. A reference by counsel to the statutory maximum without an explanation of the guidelines paints an unrealistic picture of the true exposure a defendant confronts. See Johnson v. State, 523 So.2d 755 (Fla. 2d DCA 1988) (holding that counsel's misadvice concerning a guidelines' recommended range rendered defendant's *764 plea involuntary given the considerable presumption that such a guideline recommendation is the appropriate sentence to be imposed). Since it appears that Delacruz did not have an accurate understanding of the guidelines recommendation, we cannot consider his plea voluntary.
There is nothing in the trial court's order or record attachments which rebuts Delacruz's claim that he was misinformed as to the maximum sentence he was likely to receive if he were found guilty. Therefore, we must remand this cause for further consideration of this claim. See Choi v. State, 692 So.2d 973 (Fla. 2d DCA 1997).
Affirmed in part, reversed in part, and remanded.
FRANK, A.C.J., and NORTHCUTT and CASANUEVA, JJ., concur.