STRINGER, Judge.
Lyle Scharf challenges the order of the trial court summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, he alleged that his pleas were involuntary because he was misadvised concerning the maximum sentences that could be imposed on four of the five counts to which he pleaded. We reverse the trial court’s order and remand for further proceedings.
Scharf pleaded to a five-count information and, pursuant to plea negotiations, was sentenced to a total of 74.4 months’ prison. Count one charged driving under the influence with serious bodily injuries, a third-degree felony. In counts two through five, the caption at the top of the information listed the offense of driving under the influence for each of the four counts and listed the degree of -each offense as a third-degree felony. In each instance, however, the body 'of the information cited to section 316.193(3)(c)l, Florida Statutes (1997),[1] and alleged that Scharf, while driving under the influence, caused injury to another person. Thus, in counts two through four, the information alleged that Scharf committed a first-degree misdemeanor. Scharf previously filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court resen-tenced Scharf to one year in jail on counts two through five with the sentences to be served concurrently. It does not appear that the trial court amended the judgment to show that Scharf was convicted of first-degree misdemeanors in counts two through five. Furthermore, the written sentence on count one reflects a sentence of 74.4 months’ imprisonment. This is in excess of the maximum for a third-degree *1076 felony. On remand, if the trial court does not grant Scharfs motion, it shall correct these errors.
In his motion Scharf alleged that his pleas were involuntary because trial counsel advised him that he could be sentenced to five years’ imprisonment on each count of the information and that he could receive a total maximum overall sentence of twenty-five years’ prison. He further alleged, and the transcript of the plea'hearing shows, that the trial court similarly misinformed him.[2] Scharf stated that he would not have pleaded to the five-count information had he been properly informed as to the maximum amount of incarceration that he was facing, but he would, instead, have gone to trial on the charges. He seeks to withdraw his pleas. As outlined above, based on the information to which he pleaded, Scharf could have received only one-year jail sentences on counts two through five. Scharf has presented a facially sufficient claim for relief. See Delacruz v. State, 721 So.2d 763 (Fla. 2d DCA 1998). We reverse the trial court’s order. On remand, if the trial court again denies Scharfs claim without an evidentiary hearing, it shall attach those portions of the record that conclusively refute the claim.
Reversed and remanded for further proceedings.
PARKER, A.C.J., and WHATLEY, J., Concur.

. Section 316.193(3)(c)l, Florida Statutes (1997), states that any person who, by reason of operating a vehicle while driving under the influence as defined by section 316.193(1), causes damage to the properly or person of another commits a first-degree misdemeanor.

. Scharfs motion contained four grounds for relief. However, they all, in essence, raise the same claim.