FULMER, Judge.
 

 Michael Harrell challenges the summary denial of his Motion for Post-Conviction Relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Harrell entered a negotiated plea of no contest to lewd and lascivious battery, possession of child pornography, and aggravated stalking of a child. He was sentenced on February 21, 2006, in accordance with his plea agreement to a total of ten years in prison. He did not file a direct appeal. In his postconviction motion, filed on November
 
 *168
 
 5, 2007, he raised three grounds of ineffective assistance of counsel. We reverse for further proceedings because the postcon-viction court erroneously concluded that the record conclusively refutes the claims.
 

 According to the factual basis given at the plea colloquy, this case involved a fifteen-year-old girl whom Harrell met online. Harrell began a sexual relationship with the girl, and when she tried to end the relationship, he began stalking her and set up a website to harass her. A search warrant was executed on Harrell’s residence, and Harrell’s computer was confiscated. Sexually explicit pictures of children were found on the computer.
 

 Harrell alleged in Ground One of his motion that his attorney failed to take depositions of the victim and her parents. He alleged that there were many inconsistencies in the case that should have been investigated, and he complained that counsel did not file any pretrial motions. He asserted that counsel should have moved to suppress the illegally obtained computer and CDs and his confession, which he claimed was induced by trickery. He also claimed that counsel should have moved to dismiss based on the removal of three computers from his residence, moved to sever the charges, consulted with him about suppression of identification testimony, and investigated the fact that the victim had made the same allegations against two other men. He claimed he would not have entered the plea if he had “been advised of the relation of the facts to the law.”
 

 The postconviction court based its denial of these claims on a finding that the claims were conclusively refuted by the transcript of the change of plea colloquy. The court also found that Harrell did not identify any defense his counsel could have presented which was unknown to Harrell at the time of the plea and which could have impacted Harrell’s decision to plead guilty.
 

 We disagree with the postconviction court’s conclusion that the claims are refuted by the plea colloquy.
 
 See Mondy v. State,
 
 6 So.3d 1251, 1252 (Fla. 2d DCA 2009) (finding that plea colloquy did not refute claim that counsel failed to move for suppression of coerced confession). However, Harrell’s claims are facially insufficient as they are lacking sufficient factual details for a prima facie case of ineffective assistance.
 
 See Oquendo v. State,
 
 2 So.3d 1001, 1004 (Fla. 4th DCA 2008) (addressing conclusory allegations of ineffective assistance of counsel). Accordingly, the postconviction court should have stricken the facially insufficient claims but, pursuant to
 
 Spera v. State,
 
 971 So.2d 754 (Fla. 2007), given Harrell at least one opportunity to amend the motion.
 

 In Ground Two, Harrell alleged that counsel told him that if he did not take the plea he would receive a life sentence, which amounted to a threat, coercion, and misadvice as the maximum sentence was twenty-five years. He claimed that he was led to believe that if he went to trial he was facing twenty-five years to life in prison and that counsel insisted he should take the proposed plea for ten years.
 
 [1]
 
 The postconviction court found this claim to be conclusively refuted by the plea colloquy.
 

 The transcript reflects that the trial judge did not discuss the maximum possible sentences for the crimes. Because the record does not conclusively refute the allegation that counsel affirmatively misad-
 
 *169
 
 vised Harrell that he was facing life in prison if he went to trial, we reverse the denial of this claim and remand for an evidentiary hearing.
 
 See Delacruz v. State,
 
 721 So.2d 763 (Fla. 2d DCA 1998) (reversing denial of claim that appellant was misinformed by his trial counsel as to the maximum penalty he faced if he proceeded to trial and was found guilty).
 

 In Ground Three, Harrell alleged that counsel was ineffective for failing to challenge the existence and validity of the search warrant used to seize three computers from his residence. The postconviction court denied this claim based on the finding that it was conclusively refuted by the change of plea hearing, specifically when Harrell acknowledged satisfaction with counsel. The court also noted that Harrell failed to identify any objection counsel should have presented with respect to the search warrant.
 

 We disagree with the postconviction court’s conclusion that the claim is refuted by the plea colloquy. However, the claim is facially insufficient as Harrell has not identified any objection that counsel should have made with respect to the search warrant. The postconviction court should have stricken this claim but, pursuant to
 
 Spent,
 
 given Harrell the opportunity to amend.
 

 We therefore reverse the summary denial of the motion and remand for the post-conviction court to strike Grounds One and Three with leave to amend within a reasonable period pursuant to
 
 Spent
 
 and to conduct an evidentiary hearing on Ground Two.
 

 Reversed and remanded.
 

 CASANUEYA, C.J., and DAVIS, J., Concur.
 

 [1]
 

 . He also claims that counsel failed to advise him that sexual offender registration would attach to this sentence. This aspect of his claim was properly denied.
 
 See State v. Part-low,
 
 840 So.2d 1040, 1041 (Fla.2003) (holding that "the sexual offender registration requirement is a collateral consequence of the plea, and therefore failure to inform the defendant of that requirement before he entered the plea does not render his plea involuntary”).