IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMARL W. VAUGHN,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4269

Opinion filed March 5, 2015.

An appeal from an order of the Circuit Court for Duval County.
J. Bradford Stetson, Judge.

Jamarl W. Vaughn, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Kristen Bonjour, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Jamarl W. Vaughn appeals the summary denial of his motion seeking postconviction relief brought pursuant to Florida Rule of Criminal Procedure 3.850. We affirm, without comment, the postconviction court's denial of the

appellant's second, third, and fourth grounds for relief. However, we reverse for further proceedings as to the first ground.

In the Appellant's first claim for relief, he argued that his attorney failed to convey a favorable plea offer that was extended by the State in 2009. The trial court denied this claim, finding it incredible because it did not specifically describe the sentence contemplated by the offer and concluding that the claim was also refuted by the record. While the transcripts attached to the trial court's order confirm that defense counsel informed the trial court just prior to trial that the State made a plea offer in 2009, there is no indication that this offer had been conveyed to the Appellant.

A claim that counsel performed deficiently in failing to convey a plea offer is cognizable in a postconviction motion. See Morgan v. State, 991 So. 2d 835, 839-40 (Fla. 2008), *receded from on other grounds by* Alcorn v. State, 121 So. 3d 419, 433 (Fla. 2013). Further, while Appellant's claim regarding the plea offer lacks specific details and fails to properly allege prejudice, this should be resolved by offering him an opportunity to amend rather than denying his unrefuted claim on the merits. See Spera v. State, 971 So. 2d 754, 761-62 (Fla. 2007) (concluding that a defendant should be entitled to at least one opportunity to amend a facially insufficient and unrefuted postconviction claim); Harrell v. State, 21 So. 3d 166, 169 (Fla. 2d DCA 2009) (concluding that the denial of a facially insufficient claim

2

that was not conclusively refuted by the record should be reversed and remanded to provide the appellant with an opportunity to amend).

Accordingly, we reverse the trial court's summary denial of ground one and remand for further proceedings.

AFFIRMED in part; REVERSED in part; and REMANDED.


LEWIS, C.J., and BENTON, J., CONCUR; THOMAS, J., DISSENTS WITHOUT OPINION.