511 So.2d 593 (1987)
Barbara ROSENBERG, Appellant,
v.
Ralph ROSENBERG and North American Biologicals, Inc., Appellees.
No. 85-2058.
District Court of Appeal of Florida, Third District.
May 12, 1987.
Rehearing Denied September 9, 1987.
*594 Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Paul A. Louis and Bayard E. Heath and John L. Zavertnik, Miami, for appellant.
Earle & Patchen, Ruden, Barnett, McClosky, Schuster & Russell and Patricia E. Cowart and David A. Weintraub, Miami, for appellees.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
Following this court's opinion and decision in Rosenberg v. North American Biologicals, Inc., 413 So.2d 435 (Fla. 3d DCA 1982), this matter came on for final hearing with several corporate defendants. After a protracted final hearing the trial court entered a judgment of dissolution of marriage, awarded the wife certain property and denied all relief against corporate defendants. By this appeal, the wife complains that she was "short changed" even though both parties, upon dissolution, were in the position of multimillionaires with approximately the same net worth[1] (which each derived in part from inheritance and or family gifts as well as a division of marital assets). Specifically, she urges that the court erred in failing to award her fifty per-cent of the alleged marital assets either as a special equity or upon equitable distribution by requiring both parties to pay their own attorney's fees and costs, by refusing to permit her to take an oral deposition of the husband's mother, by refusing to direct the husband to stipulate to the taking of a deposition in Europe, and in failing to hold that North American Biologicals, Inc. (NABI) was liable to her for the failure to deliver certain stock.
We find no merit in any of the appellant's positions. There was no abuse of discretion in the trial court's division of the marital assets, Marston v. Marston, 484 So.2d 32 (Fla. 2d DCA 1986); Dewberry v. Dewberry, 455 So.2d 420 (Fla. 2d DCA 1984); Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981), or in requiring each party to bear their own attorney's fees and costs, Arsht v. Arsht, 467 So.2d 421 (Fla. 3d DCA 1985); Cortina v. Cortina, 461 So.2d 964 (Fla. 3d DCA 1985); McIntyre v. McIntyre, 434 So.2d 61 (Fla. 5th DCA 1983), or in failing to order an oral deposition of the appellee's seventy-seven year old mother, who had a heart condition, rather than written interrogatories which were permitted. The trial court did permit the appellant, if desired, to take the European deposition. It did not err in not requiring the appellee to stipulate as to certain matters relating thereto. Lastly, the wife had no claim[2] against the defendant *595 corporation in the first instance as the evidence clearly demonstrates that she authorized the husband to act as her agent. Cleveland Compania Maritima, S.A. Panama v. Logothetis, 378 So.2d 1336 (Fla. 2d DCA 1980); Monroe v. Dixon, 152 So.2d 744 (Fla. 3d DCA 1963). Even if she had a claim, the transaction occurred in 1969 and any relief is barred by the doctrine of laches. Engle v. Acopian, 432 So.2d 113 (Fla. 5th DCA 1983); City of Miami v. Gates, 393 So.2d 586 (Fla. 3d DCA 1981).
Therefore for the reasons above stated,[3] the final judgment under review is affirmed.
Affirmed.
NOTES
[1] Part of the wife's assets are in blue-chip securities or other liquid assets, contrasted with the husband's, who has a substantial portion of his wealth in non-liquid assets.
[2] Such a claim has as its genesis the fact that she held one share out of fifty shares of corporate stock in a private corporation organized by the husband, who held the other forty-nine shares. It is doubtful as to whether she was ever a bona fide owner of the one share in the first instance in that the undisputed testimony was that she received the one share because the husband was under the impression that the corporation had to have more than one stockholder. Without reliance on this false premise no stock would have ever been issued in her name. Cf. Maryland Casualty Co. v. Krasnek, 174 So.2d 541 (Fla. 1965); Langley v. Irons Land and Dev. Co., 94 Fla. 1010, 114 So. 769 (1927); Langbein v. Comerford, 215 So.2d 630 (Fla. 4th DCA 1968). The corporation ultimately merged and had a public offering. It is a result of this latter transaction in 1969 that the wife seeks to pursue a damage claim against NABI.
[3] After this case was set for oral-argument, counsel for the appellant filed a motion requesting the court to take judicial notice of a series of newspaper articles. This procedure was completely inappropriate. The court denied the motion and struck the attached newspaper articles with directions to the clerk to return same to appellant's counsel. Appellate review is limited to the record as made before the trial court at the time of the entry of a final judgment or orders complained of. It is entirely inappropriate and subjects the movant to possible sanctions to inject matters in the appellate proceedings which were not before the trial court. If events occurred subsequent to the entry of the final orders under review which might have altered the trial court's decision, there are appropriate procedures, post-trial, to bring these to the attention of the trial court; for example the provisions of Florida Rule of Civil Procedure 1.540.