PER CURIAM.
We affirm the termination of parental rights. The physical evidence of actual abuse, the testimony of experts as to past abuse, both physical and emotional, and the convincing evidence of the potential for prospective abuse all establish the trial court's decision was correct. See Palmer v. Department of HRS, 547 So.2d 981 (Fla. 5th DCA), cause dismissed, 553 So.2d 1166 (Fla.1989); Spankie v. Department of HRS, 505 So.2d 1357 (Fla. 5th DCA), review denied, 513 So.2d 1063 (Fla.1987); In the Interest of J.N., 492 So.2d 1118 (Fla. 1st DCA 1986); see also In the Interest of W.D.N., 443 So.2d 493 (Fla. 2d DCA 1984) (abuse of other siblings by a parent can be considered as evidence of abuse in a permanent commitment case involving three children, one of whom had suffered no abuse).
A trial court’s determination that grounds for terminating parental rights have been proven by clear and convincing evidence cannot be overturned “unless clearly erroneous or lacking in evidentiary support.” In the Interest of D.J.S., 563 So.2d 655, 661-62 (Fla. 1st DCA 1990). The factual determination in the instant case is clearly supported by the record. There was no failure by the department “to make reasonable efforts to reunite the family,” § 39.467(3)(e), Fla.Stat. (Supp.1990), and the evidence, without exception, confirms that the termination is in “the manifest best interests of the childfren].” § 39.467(1), Fla.Stat. (Supp.1990).
The father argues that he has new evidence which necessitates reversal. We have in no way considered the merits of this argument. If, however, he does have a meritorious claim, the proper procedure for presenting such a claim is by means of Florida Rule of Juvenile Procedure 8.250(a)(2). That rule establishes that a party may be relieved from order, judgment, or proceeding, upon a finding of “[njewly discovered evidence which by due diligence could not have been discovered in time to move for rehearing.” Our review, however, is limited to the record on appeal. See Thornber v. City of Fort Walton Beach, 534 So.2d 754 (Fla. 1st DCA 1988); Rosenberg v. Rosenberg, 511 So.2d 593 (Fla. 3d DCA 1987), review denied, 520 So.2d 586 (Fla.1988).
Accordingly, the order of termination of parental rights is affirmed.