884 So.2d 437 (2004)
Andrea Holloway COBB, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-2520.
District Court of Appeal of Florida, First District.
October 1, 2004.
Rehearing Denied October 28, 2004.
*438 Nancy A. Daniels, Public Defender, and W.C. McLain, Assistant Public Defender, Tallahassee, for Appellant.
Charlie J. Crist, Jr. Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Andrea Holloway Cobb, raises two issues on appeal of her conviction for attempted murder and aggravated battery. We affirm the trial court's denial of Cobb's motion for mistrial without further comment. We also affirm the trial court's decision to exclude the testimony of defense expert Dr. Gary Jacobsen because it appeared irrelevant to any issues at trial. In doing so, however, a brief discussion of the law regarding the defense of involuntary intoxication is warranted.
Cobb sought to introduce Dr. Jacobsen's testimony for the purpose of establishing that Cobb was involuntarily intoxicated at the time she shot her former lover and a bystander. Upon proffer by the defense, Dr. Jacobsen opined that Cobb's behavior resulted from the use of various prescription and over-the-counter medications combined with the effects of an organic brain disorder. According to Dr. Jacobsen, Cobb had exceeded the prescribed dosages of Xanax by four to five times and Paxil by three to four times in the weeks leading up to the shooting. While Dr. Jacobsen testified that Cobb knew she was exceeding the prescribed dosages, he asserted that she interpreted the negative side effects as symptoms of her psychological disorders rather than side effects of overdosing on these medicines. As a result, Cobb would take more and more Xanax and Paxil thinking her condition would improve. The defense argued that this excessive dosing resulted in Cobb's involuntary intoxication because she had no way of knowing that it would culminate in a violent episode.
We agree with the trial court's determination that Dr. Jacobsen's testimony could have only supported a voluntary rather than an involuntary intoxication defense. Through enactment of section 775.051, Florida Statutes, the Legislature has all but eliminated the defense of voluntary intoxication. That statute provides:
Voluntary intoxication resulting from the consumption, injection, or other use of alcohol or other controlled substance as described in chapter 893 is not a defense to any offense proscribed by law. Evidence of a defendant's voluntary intoxication is not admissible to show that the defendant lacked the specific intent to commit an offense and is not admissible to show that the defendant was insane at the time of the offense, except when the consumption, injection, or use of a controlled substance under chapter 893 was pursuant to a lawful prescription issued to the defendant by a practitioner as defined in s. 893.02.
(Emphasis added). The Legislature expressly limited the use of an intoxication defense to those circumstance where the defendant's lack of specific intent or insanity is attributable to the use of a prescription medicine "pursuant to a lawful prescription." In this instance, the statutory language is "clear and unambiguous," and must therefore "be given its plain and *439 ordinary meaning." Dep't of Educ. v. Cooper, 858 So.2d 394, 396 (Fla. 1st DCA 2003).
We conclude that Cobb's knowing and excessive use of prescription medicines foreclosed any claim that she had taken those medicines "pursuant to a lawful prescription." Our conclusion is not inconsistent with the Fourth District Court's decision in Brancaccio v. State, 698 So.2d 597 (Fla. 4th DCA 1997), a case heavily relied upon by Cobb. There, the court held that the appellant was entitled to a jury instruction on involuntary intoxication while observing:
Because a patient is entitled to assume that an intoxicating dose would not be prescribed or administered by a physician, where intoxication results from medicine which has been prescribed (and taken as prescribed) or administered by a physician, such intoxication is generally considered involuntary.
Id. at 599 (emphasis added) (quoting Phillip E. Hassman, Annotation, When Intoxication Deemed Involuntary so as to Constitute a Defense to Criminal Charge, 73 A.L.R.3d 195 (1976)). In this case, Cobb did not claim that she had been prescribed or administered an intoxicating dose. Nor did she claim that she had taken her medications as prescribed. Thus, the admissibility of Dr. Jacobsen's testimony in support of Cobb's involuntary intoxication defense is not compelled by Brancaccio or section 775.051. Accordingly, Cobb's judgment and sentence is AFFIRMED.
ERVIN, KAHN, and VAN NORTWICK, JJ., CONCUR.