932 So.2d 521 (2006)
Eugene LUCHERINI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2970.
District Court of Appeal of Florida, Fourth District.
June 21, 2006.
Rehearing Denied July 26, 2006.
Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Eugene Lucherini, appeals his conviction for first degree murder with a firearm and armed burglary of a dwelling with assault or battery. Because the trial court abused its discretion in prohibiting Lucherini from presenting evidence of his prescription medications in support of an involuntary intoxication defense under section 775.051, Florida Statutes (2000), we reverse his conviction and sentence.
At trial, Lucherini sought to introduce the testimony of three mental health experts for the purpose of establishing that he was intoxicated at the time of the offense as a result of taking prescription medications for his depression, and therefore, was unable to form the intent to commit a specific intent crime. Lucherini argued that section 775.051, while eliminating the defense of voluntary intoxication, provides an exception for lawful prescription medication. Section 775.051 provides that:

*522 Voluntary intoxication resulting from the consumption, injection, or other use of alcohol or other controlled substance as described in chapter 893 is not a defense to any offense prescribed by law. Evidence of a defendant's voluntary intoxication is not admissible to show that the defendant lacked the specific intent to commit an offense and is not admissible to show that the defendant was insane at the time of the offense, except when the consumption, injection, or use of a controlled substance under chapter 893 was pursuant to a lawful prescription issued to the defendant by a practitioner as defined in s. 893.02.

(Emphasis added). Lucherini proffered the testimony of Dr. Samuels, his psychiatrist and treating physician, who testified that he diagnosed Lucherini with major depression and prescribed two antidepressants, Remerol and Clonopin. Dr. Samuels also testified to the dosages prescribed for each medication and the dates on which he prescribed the medications. A second psychiatrist, Dr. Seligson, agreed that Lucherini suffered from major depression and opined that, based on his diagnosis, Lucherini did not have the ability to form the intent to commit a specific intent crime, such as premeditated murder or burglary.
The trial court, however, ruled that it would not allow the defense to present any testimony about the medications prescribed, finding that the medications related to the issue of intent. The court further ruled that it would not allow the defense to present any testimony concerning whether the medications were properly prescribed, again reasoning that the medications related to the issue of intent. The court also reasoned that because Lucherini withdrew his intent to rely on an insanity defense, such testimony was irrelevant.
On appeal, Lucherini argues that the trial court's refusal to allow expert testimony regarding the defense of voluntary intoxication was an abuse of discretion. However, while he claims that the trial court erred in refusing to allow him to present evidence in support of a voluntary intoxication defense, in essence, Lucherini intended to raise an involuntary intoxication defense.[1]
After reviewing the record on appeal, we conclude that it was error for the court to exclude evidence of Lucherini's lawful prescription medications and depression. According to the plain language of section 775.051, evidence of a defendant's consumption, injection, or use of a controlled substance pursuant to a lawful prescription is admissible to show that the defendant lacked the specific intent to commit an offense or to show that the defendant was insane at the time of the offense.
We find support for our conclusion in Brancaccio v. State, 698 So.2d 597 (Fla. 4th DCA 1997). In Brancaccio, the defendant's *523 defense at trial was that the medication he was taking, which was prescribed to him by his physician, prevented him from forming the intent necessary to commit a specific intent crime. The defendant presented the testimony of several psychiatrists who concluded that he did not have the ability to form the intent to commit first degree murder based on his mental deficiencies and involuntary intoxication by Zoloft. The trial court refused to instruct the jury on his theory of defense, involuntary intoxication. However, this Court reversed and remanded for a new trial, finding that the defendant was entitled to a standard jury instruction on involuntary intoxication. In reaching our decision, we cited an annotation on the defense of involuntary intoxication, which provided, in part:
Because a patient is entitled to assume that an intoxicating dose would not be prescribed or administered by a physician, where intoxication results from medicine which has been prescribed (and taken as prescribed) or administered by a physician, such intoxication is generally considered involuntary.
Id. at 599 (quoting Phillip E. Hassman, Annotation, When Intoxication Deemed Involuntary so as to Constitute a Defense to Criminal Charge, 73 A.L.R.3d 195 (1976)).
Similarly, in Cobb v. State, 884 So.2d 437, 438-39 (Fla. 1st DCA 2004), the first district, interpreting section 775.051, stated:
The legislature expressly limited the use of an intoxication defense to those circumstances where the defendant's lack of specific intent or insanity is attributable to the use of a prescription medicine `pursuant to a lawful prescription.' In this instance, the statutory language is `clear and unambiguous,' and must therefore `be given its plain and ordinary meaning.'
In Cobb, the defendant sought to introduce the testimony of an expert physician to establish that he was involuntarily intoxicated at the time of the offense. Upon proffer by the defense, the physician opined that the defendant's behavior resulted from the use of various prescription and over-the-counter medications combined with the effects of an organic brain disorder. However, the physician also explained that the defendant had exceeded the prescribed dosages of Xanax by four or five times and Paxil by three to four times in the weeks leading up to the shooting. As a result, the court concluded that the defendant's knowing and excessive use of prescription medicine foreclosed any claim that she had taken those medicines "pursuant to a lawful prescription," and affirmed the trial court's decision to exclude the physician's testimony, finding that admission of the testimony was not compelled by section 775.051.
Therefore, according to Brancaccio and Cobb, had Lucherini proffered to the trial court that his intoxication resulted from medicine lawfully prescribed and taken as prescribed, he was entitled to present to the jury evidence of the medications he was taking, that he was taking them as prescribed, how these medications interacted with each other, and their effect with respect to the issue of specific intent in support of an involuntary intoxication defense under section 775.051. At trial, Lucherini proffered the testimony of his treating physician, Dr. Samuels, who prescribed two anti-depressants, Clonopin and Remerol, in May 2000, and Dr. Seligson, who testified that Lucherini suffered from major depression and did not have the ability to form the intent to commit a specific intent crime. While we recognize that Lucherini did not establish that he was taking the medications as prescribed *524 on the date of the alleged offense on August 2, 2000, as required in Brancaccio and Cobb, it appears from the record provided that the trial court did not give him the opportunity to completely proffer all of the evidence concerning his prescribed medications. See In re K.C., 582 So.2d 741, 742 n. 1 (Fla. 4th DCA 1991) ("Generally, refusal of the trial court to allow a proffer prevents a determination of the propriety of the trial court's ruling and is reversible error.").
Furthermore, because involuntary intoxication in this case would be an affirmative defense, Lucherini has the burden to establish the defense and come forward with evidence that he was taking the medication as prescribed and pursuant to a lawful prescription. Cf. Dufour v. State, 905 So.2d 42, 52 (Fla.2005). If, on remand, Lucherini can show that the medications were properly prescribed and taken as prescribed, we conclude that he should be entitled to present to the jury evidence of his prescription medications and their effect on his mental health in support of an involuntary intoxication defense pursuant to section 775.051.
Accordingly, we reverse Lucherini's conviction and remand to the trial court for a new trial.
Reversed and Remanded for New Trial.
STEVENSON, C.J., GUNTHER and MAY, JJ., concur.
NOTES
[1] In a final staff analysis prepared by the Committee on Crime and Punishment of the House of Representatives, the Committee addressed the exception for prescription medication in section 775.051, stating:

The segment of the committee substitute which provides that a defendant may submit evidence of his intoxication when the intoxication occurred as a result of the defendant taking a controlled substance prescribed by a practitioner is part of the involuntary intoxication defense which already exists in Florida. The principle behind this defense is that a person would not expect that they would become intoxicated by taking a substance which has been prescribed to them, if they take the substance according to the prescription.
Fla. H.R. Comm. on Crime & Pun. HB 421 and HB 485 (1999) Staff Analysis 7 (final May 14, 1999) (on file with comm.).