995 So.2d 1149 (2008)
Aaron Robert STIMUS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-4371.
District Court of Appeal of Florida, Fifth District.
December 5, 2008.
*1150 James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
Aaron Stimus appeals his judgment of conviction and sentence for the premeditated murder of his estranged wife. He contends that he was wrongfully prohibited from presenting evidence in support of his alleged involuntary intoxication defense. We affirm.
On the evening of July 16, 2002, Stimus shot his wife three times. One shot struck the victim in the head, killing her almost instantaneously. Stimus then shot himself in the head.
We reversed Stimus' conviction after his first trial because the State impeached Stimus' only witness with a statement that the witness had previously given to law enforcement but which had not been provided to the defense. We found Stimus was entitled to a new trial because the trial court failed to conduct a Richardson hearing.[1]Stimus v. State, 886 So.2d 996 (Fla. 5th DCA 2004). Prior to his retrial, Stimus served notice of an intent to offer evidence supporting an involuntary intoxication defense based on his use of prescription medication which allegedly rendered him unable to form the specific intent to commit premeditated murder. The State moved to strike the notice and to preclude the assertion of the defense, arguing that Stimus' evidence would only support a finding of voluntary intoxication. The State observed that, pursuant to section 775.051, Florida Statutes (2002),[2] evidence of voluntary intoxication was not admissible to show that a defendant lacked the specific intent to commit an offense and was not admissible to show that a defendant was insane at the time of the offense except where the intoxication resulted from the consumption of a controlled substance pursuant to a lawful prescription.
The trial court conducted an evidentiary hearing on the State's motion. The evidence presented at the hearing established that Stimus had a prescription allowing him to take 40 milligrams of Oxycontin per day. However, by his own admission, Stimus consumed at least 320 milligrams of Oxycontin tablets on the day of the murder. (Stimus also drank six to twelve cans *1151 of beer on that day.) The trial court granted the State's motion, finding that Stimus was precluded from asserting an involuntary intoxication defense where the evidence established that he had knowingly consumed far more Oxycontin than prescribed by his doctor. The trial court further observed that Stimus had failed to present any testimony regarding the effect of taking Oxycontin as prescribed upon the defendant's mental capacity to form the specific intent to commit the crime.
Because involuntary intoxication is an affirmative defense, Stimus had the burden to establish the defense and present evidence that he was taking the medication as prescribed and pursuant to a lawful prescription. Cobb v. State, 884 So.2d 437, 439 (Fla. 1st DCA 2004) (defendant's voluntary ingestion of prescription and over-the-counter medications in amounts exceeding prescribed dosages did not support claim of involuntary intoxication, rather supported finding of voluntary intoxication which was not defense to attempted murder and aggravated battery). Stimus clearly failed to meet his burden. The undisputed evidence was that on the day of the murder, Stimus took at least four times the amount of Oxycontin prescribed by his doctor. (There was also evidence that a patient taking Oxycontin should not consume alcoholic beverages.)
We find no merit to Stimus' argument that the application of section 775.051 constituted a denial of due process because it precluded his only viable defense. See Troy v. State, 948 So.2d 635, 643-45 (Fla. 2006).
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[2] Section 775.051, Florida Statutes (2002) provides:

Voluntary intoxication; not a defense; evidence not admissible for certain purposes; exception
Voluntary intoxication resulting from the consumption, injection, or other use of alcohol or other controlled substance as described in chapter 893 is not a defense to any offense proscribed by law. Evidence of a defendant's voluntary intoxication is not admissible to show that the defendant lacked the specific intent to commit an offense and is not admissible to show that the defendant was insane at the time of the offense, except when the consumption, injection, or use of a controlled substance under chapter 893 was pursuant to a lawful prescription issued to the defendant by a practitioner as defined in s. 893.02.