IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

VANTICE L. BESHEARS,

   Appellant,

v.              Case No. 5D16-4360

STATE OF FLORIDA,

   Appellee.

_____/

Opinion filed August 31, 2018

Appeal from the Circuit Court
for Marion County,
Anthony M. Tatti, Judge.

James S. Purdy, Public Defender, and Nancy
Ryan, Assistant Public Defender, Daytona
Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock McGuigan,
Assistant Attorney General, Daytona Beach,
for Appellee.

PER CURIAM.

  Appellant, Vantice L. Beshears, appeals his convictions of burglary of a structure,

grand theft of an automobile, grand theft of property worth over $300, and driving without

a valid license after a jury trial. Specifically, Appellant argues the trial court erred when it

denied his pro se motions to appoint an expert to evaluate a possible insanity defense

after he was prescribed several medications while at the hospital the night before, and the night of, the offense. We agree and reverse.[1]

Appellant represented himself from the inception of this case. Several months before trial, Appellant filed a "Motion to Set Hearing (on) and (for) Motion for [Psych]ological Examination" itemizing his reasons for believing that he was legally insane at the time of the incident and requesting the appointment of an expert to assess the viability of an insanity defense at trial, to suppress any statements made, and to request an exam by a psychologist or neuropsychologist.

Two months later, and without a ruling on his motion, Appellant filed a second motion, again requesting appointment of an expert and referring to his original motion. Appellant then filed a third motion requesting a hearing on his previously filed motions for an expert to assist in the preparation of his insanity defense.

Three days before trial, the trial court denied Appellant's motions, reasoning:

> A pro se defendant who was actually legally insane at the time of an offense would, virtually by definition, be unable to meaningfully consult with an expert in the preparation of a defense. The Court having observed and communicated with [Appellant] on two (2) different occasions in open court finds no basis to conclude that [Appellant] suffers from any mental infirmity other than an exceedingly grandiose, and misplaced, opinion of his own knowledge of the law and his abilities to act as a lawyer.

Without an expert witness and unable to present an insanity defense, Appellant proceeded to trial where he was convicted as charged.

---

[1] Appellant also argues, citing to *Velcofski v. State*, 96 So. 3d 1069, 1070 (Fla. 4th DCA 2012) and *Hardy v. State*, 655 So. 2d 1245, 1247–48 (Fla. 5th DCA 1995), and the State concedes, that the trial court erred in admitting Appellant's unredacted driving record into evidence and in failing to offer the assistance of counsel prior to sentencing. Given our disposition, we do not reach these issues.

On appeal, Appellant argues that his prescription medications caused him to be legally insane on the night of the incident and that he was entitled to the appointment of an expert pursuant to *Ake v. Oklahoma*, 470 U.S. 68 (1985), in order to develop this defense for trial. The State properly concedes that the denial of Appellant's motions was error, but argues that the error was harmless because Appellant was not taking the medications as prescribed. We conclude that the trial court erred and that the error was not harmless.

An indigent criminal defendant who makes a preliminary showing that his "sanity at the time of the offense" is likely to be a "significant factor" at trial is entitled to have access to independent psychiatric assistance. *Ake*, 470 U.S. at 82–83, 86–87. A pro se defendant, pursuant to *Ake*,[2] need only make a preliminary showing and is obviously not required to present the trial court with a fully developed insanity defense before he or she is entitled to an appointed expert. In most cases, it would be difficult or impossible to fully develop and present an insanity defense to the jury without the benefit of an expert. *Id.* at 80 ("[T]he assistance of a psychiatrist may well be crucial to the defendant's ability to marshal his defense."). In this case, as the State concedes, Appellant made a sufficient preliminary showing to require appointment of an expert.

The State insists, however, that the error was harmless because Appellant was not taking his medications as prescribed. For instance, the State argues that there was

---

[2] We recognize that Florida Rule of Criminal Procedure 3.216 establishes a separate and distinct standard for the appointment of an expert. However, because we find that Appellant's motion was sufficient to require the appointment of an expert pursuant to *Ake*, we need not reach Appellant's additional argument that he was entitled to the appointment of an expert pursuant to rule 3.216 even though he was self-represented rather than represented by a member of The Florida Bar.

evidence that Appellant was intoxicated at the time of his arrest and cites to medical websites for the proposition that Appellant's medications cannot be taken with alcohol.

While the State is correct that an insanity defense is unavailable to a defendant who consumes medications other than as prescribed, see, for example, *Stimus v. State*, 995 So. 2d 1149, 1151 (Fla. 5th DCA 2008), there is simply no evidence in our record to support the State's contention. It is axiomatic that "[a]ppellate review is limited to the record as made before the trial court at the time of the entry of a final judgment or orders complained of." *Rosenberg v. Rosenberg*, 511 So. 2d 593, 595 n.3 (Fla. 3d DCA 1987). The problem here, of course, is that the websites relied upon by the State do not appear in our record at all—let alone as evidence. As such, we are without authority to consider them and cannot conclude that the denial of Appellant's motions was harmless.

Accordingly, we reverse Appellant's sentences and convictions and remand for further proceedings.

REVERSED and REMANDED.

BERGER, EDWARDS and EISNAUGLE, JJ., concur.