# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5702

_____

WILLIAM V. DUPRIEST,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Russell Healey, Judge.
Roberto A. Arias, Judge.

December 27, 2018

PER CURIAM.

On appeal, the appellant only challenges the postconviction court's order that summarily denied ground B, C, and D of his motion for postconviction relief. Because the postconviction court failed to attach any portions of the record that conclusively refute the appellant's allegations and we must accept the appellant's factual assertions as true, we reverse. *See Jennings v. State*, 123 So. 3d 1101, 1121 (Fla. 2013) ("When reviewing the summary denial of a claim raised in a rule 3.850 motion, the court must accept the movant's factual allegations as true to the extent that they are not refuted by the record."). On remand, we require the postconviction court to hold an evidentiary hearing on grounds B and C because of the circumstances surrounding this case. First,

this case languished in the lower court for nearly twelve years. Second, the lower court granted the appellant an evidentiary hearing on grounds B and C, and even denied the State's request to revisit its decision.* Third, a number of scheduled evidentiary hearings had been continued or cancelled. Fourth, when the instant case came before the postconviction court for an evidentiary hearing, at the start of the hearing, the postconviction court announced that it did not need to hold the hearing as there was enough to deny the appellant's motion, signed an order that it had prepared prior to the hearing, and terminated the hearing. For those reasons, we are requiring the postconviction court to hold the evidentiary hearing on grounds B and C. We also urge the postconviction court to hold an evidentiary hearing on ground D. The appellant alleged that trial counsel was ineffective for failing to fully investigate or hire an expert in pharmacology or biochemistry in order to understand how his prescription medication interacted with his medical conditions and abuse of illicit substances. Without a thorough statement of the steps trial counsel had taken to understand the interactions, it will be difficult for the postconviction court to conclusively refute the appellant's claims.

REVERSED and REMANDED for further proceedings consistent with this opinion.

ROBERTS and BILBREY, JJ., concur; WINOKUR, J., concurs in part dissents in part with opinion.

---

* We note the dissent's position that ground B was insufficiently pled. Even if ground B was legally insufficient, the record before this Court shows that the appellant would be entitled to amend this claim unless the claim is not amendable or is conclusively refuted by the record. *Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007); *Taylor v. State*, 120 So. 3d 540, 551 (Fla. 2013).

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

WINOKUR, J., concurring in part and dissenting in part.

I agree with the majority that the order must be reversed. I would reverse the court's order because it failed to attach records that conclusively refute one of DuPriest's postconviction grounds. I would *only* order an evidentiary hearing regarding the part of DuPriest's ground B that asserted that he would not have pleaded guilty if counsel had advised him of the "heat of passion" defense. I would hold that the remainder of DuPriest's ground B, as well as ground D, could have been conclusively refuted by the record.[*]

---

[*] In ground C, DuPriest argued that counsel was ineffective for failing to advise him that he could not have been legally convicted on two burglary counts. Because DuPriest *could* have been legally convicted on both counts, he failed to state a sufficient claim, and this ground could have been denied without attaching records conclusively refuting it. *See Franqui v. State*, 59 So. 3d 82, 95-96 (Fla. 2011) ("Generally, a defendant is entitled to an evidentiary hearing on a rule 3.850 motion unless (1) the motion, files, and records in the case conclusively show that the movant is entitled to no relief, *or* (2) the motion or particular claim is legally insufficient.") (Emphasis supplied). The addition of arguable and unnecessary dicta in the trial court's order does not render an insufficient claim sufficient. DuPriest's ground D alleged that counsel was ineffective for failing to adequately investigate his defense under section 775.051, Florida Statutes, so that an expert could testify that he was involuntarily intoxicated due to his consumption of Klonopin. Under section 775.071, DuPriest would have to establish that "he was taking the medication *as prescribed* and pursuant to a lawful prescription." *Stimus v. State*, 995 So. 2d 1149, 1151 (Fla. 5th DCA 2008); *see also Montero v. State*, 996 So. 2d 888, 891 (Fla. 4th DCA 2008) ("This exception applies where the defendant unexpectedly becomes intoxicated by prescribed

I specifically disagree that the "circumstances surrounding this case" entitle DuPriest to an evidentiary hearing. We do not know why it took so long for the lower tribunal to issue an order in this case. This fact alone, while regrettable, does not compel the court to hold an evidentiary hearing. The same is true for the fact that the court may have earlier granted, and later cancelled, an evidentiary hearing. Finally, I do not find it improper that the trial judge announced at the outset of the hearing that a hearing would be unnecessary and signed an already-written order. Even if it were, I do not believe that we should sanction the trial court by ordering an evidentiary hearing. Except as noted above, the court did not err in ruling that an evidentiary hearing is unnecessary. We should not remedy alleged wrongs committed by the trial court by ordering an evidentiary hearing on claims that are legally insufficient or refuted by the record.

———————————————

William V. DuPriest, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.

———————————

medication that is taken in a lawful manner."); *Cobb v. State*, 884 So. 2d 437, 439 (Fla. 1st DCA 2004) (holding that section 775.051 did not provide a valid defense where the appellant did not take her medications as prescribed). In his own motion, DuPriest squarely contradicts any argument that he took Klonopin as prescribed; specifically, he consumed it before getting "extremely intoxicated" from alcohol (which he acknowledges is contrary to the prescription) and before consuming an additional illegal narcotic that he describes as "a notorious mood-altering drug known for inducing black-outs." As such, DuPriest is not entitled to an evidentiary hearing on this ground.