Winokur, J., concurring in part and dissenting in part.
I agree with the majority that the order must be reversed. I would reverse the court's order because it failed to attach records that conclusively refute one of DuPriest's postconviction grounds. I would only order an evidentiary hearing regarding the part of DuPriest's ground B that asserted that he would not have pleaded guilty if counsel had advised him of the "heat of passion" defense. I would hold that the remainder of DuPriest's ground B, as well as ground D, could have been conclusively refuted by the record.*
I specifically disagree that the "circumstances surrounding this case" entitle DuPriest *555 to an evidentiary hearing. We do not know why it took so long for the lower tribunal to issue an order in this case. This fact alone, while regrettable, does not compel the court to hold an evidentiary hearing. The same is true for the fact that the court may have earlier granted, and later cancelled, an evidentiary hearing. Finally, I do not find it improper that the trial judge announced at the outset of the hearing that a hearing would be unnecessary and signed an already-written order. Even if it were, I do not believe that we should sanction the trial court by ordering an evidentiary hearing. Except as noted above, the court did not err in ruling that an evidentiary hearing is unnecessary. We should not remedy alleged wrongs committed by the trial court by ordering an evidentiary hearing on claims that are legally insufficient or refuted by the record.

In ground C, DuPriest argued that counsel was ineffective for failing to advise him that he could not have been legally convicted on two burglary counts. Because DuPriest could have been legally convicted on both counts, he failed to state a sufficient claim, and this ground could have been denied without attaching records conclusively refuting it. See Franqui v. State , 59 So.3d 82, 95-96 (Fla. 2011) ("Generally, a defendant is entitled to an evidentiary hearing on a rule 3.850 motion unless (1) the motion, files, and records in the case conclusively show that the movant is entitled to no relief, or (2) the motion or particular claim is legally insufficient.") (Emphasis supplied). The addition of arguable and unnecessary dicta in the trial court's order does not render an insufficient claim sufficient. DuPriest's ground D alleged that counsel was ineffective for failing to adequately investigate his defense under section 775.051, Florida Statutes, so that an expert could testify that he was involuntarily intoxicated due to his consumption of Klonopin. Under section 775.071, DuPriest would have to establish that "he was taking the medication as prescribed and pursuant to a lawful prescription." Stimus v. State , 995 So.2d 1149, 1151 (Fla. 5th DCA 2008) ; see also Montero v. State , 996 So.2d 888, 891 (Fla. 4th DCA 2008) ("This exception applies where the defendant unexpectedly becomes intoxicated by prescribed medication that is taken in a lawful manner."); Cobb v. State , 884 So.2d 437, 439 (Fla. 1st DCA 2004) (holding that section 775.051 did not provide a valid defense where the appellant did not take her medications as prescribed). In his own motion, DuPriest squarely contradicts any argument that he took Klonopin as prescribed; specifically, he consumed it before getting "extremely intoxicated" from alcohol (which he acknowledges is contrary to the prescription) and before consuming an additional illegal narcotic that he describes as "a notorious mood-altering drug known for inducing black-outs." As such, DuPriest is not entitled to an evidentiary hearing on this ground.