# Supreme Court of Florida

_____

No. SC18-2029

_____

## IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES— REPORT 2018-13.

June 6, 2019

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize new and amended standard instructions. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending standard criminal jury instructions 3.6(a) (Insanity), 3.6(e)(1) (Involuntary Intoxication Negating Specific Intent), 3.6(e)(2) (Involuntary Intoxication Resulting in Insanity), and 3.6(j) (Entrapment). In addition, the Committee proposes the following new instructions: 3.14 (Scoresheet Findings); 7.7(b) (Unnecessary Killing to Prevent an Unlawful Act); and 7.7(c) (Assisted Self-Murder). All of the proposals were published in *The Florida Bar*

*News*.  No comments were received by the Committee.  After the Committee filed its report, the Court did not publish the proposals for comment.

Having considered the Committee's report, we amend the standard jury instructions as proposed by the Committee and authorize for publication and use new and amended instructions 3.6(a), 3.6(e)(1), 3.6(e)(2), 3.6(j), 3.14, and 7.7(c). We discuss the more significant amendments below.  We do not authorize proposed instruction 7.7(b) for publication and use at this time and will separately refer this instruction back to the Committee for further consideration at a later date.

First, instruction 3.6(a) is updated to ensure that the jurors understand that the insanity defense applies to lesser-included crimes as well by deleting the phrase "the crime" and replacing it with "(crime alleged or lesser-included crimes of the crime alleged)."

Next, instructions 3.6(e)(1) and 3.6(e)(2) are revised to reflect that intent is an essential element of not only the crime charged but also an appropriate lesser-included offense and that the defenses of involuntary intoxication negating specific intent and involuntary intoxication resulting in insanity may also apply to a lesser-included offense.

In instruction 3.6(j), language is added to reflect that the defense of entrapment applies to applicable lesser-included offenses as well as the offense charged, and a definition for "inducement" is added based upon *Farley v. State*,

848 So. 2d 393, 395 (Fla. 4th DCA 2003), and *Marreel v. State*, 841 So. 2d 600, 603 (Fla. 4th DCA 2003).

New instruction 3.14, Scoresheet Findings, is added in recognition of the necessity for certain findings of fact, i.e., those which increase the required minimum sentence, be made by the jury. *See Alleyne v. United States*, 70 U.S. 99 (2013).

Lastly, new instruction 7.7(c) is added to instruct upon the offenses of assisting self-murder. *See* § 782.08, Fla. Stat. (2018).

The amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

comments associated with the instructions reflect only the opinion of the

Committee and are not necessarily indicative of the views of this Court as to their

correctness or applicability.  The instructions as set forth in the appendix shall be

effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and
MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND,
IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in
Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury
Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff
Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 3.6(a) INSANITY

An issue in this case is whether (defendant) **was insane when the crime allegedly was committed.**

A person is considered to be insane when:

1.      [He] [She] had a mental infirmity, disease, or defect.

2.      Because of this condition

   a.      [he] [she] did not know what [he] [she] was doing or its consequences or

   b.      although [he] [she] knew what [he] [she] was doing and its consequences, [he] [she] did not know it was wrong.

All persons are presumed to be sane. The defendant has the burden of proving the defense of insanity by clear and convincing evidence. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief, without hesitation, about the matter in issue.

In determining the issue of insanity, you may consider the testimony of expert and nonexpert witnesses. The question you must answer is not whether the defendant is insane today, or has ever been insane, but whether instead the defendant was insane at the time the crime allegedly was committed.

*Give if applicable.*
A defendant who believed that what [he] [she] was doing was morally right is not insane if the defendant knew that what [he] [she] was doing violated societal standards or was against the law.

*Give if applicable.*
**Unrestrained passion or ungovernable temper is not insanity, even though the normal judgment of the person is overcome by passion or temper.**

*\*Give if applicable and if requested.*
**Although insanity is a defense, mental or psychiatric conditions not constituting insanity are not defenses to any crime in this case. Unless there is clear and convincing evidence that** (defendant) **was insane at the time of the crime(s) alleged, any evidence of mental illness, an abnormal mental condition, or diminished mental capacity may not be taken into consideration to show that [he] [she] lacked the specific intent or did not have the state of mind essential to proving that [he] [she] committed the crime[s] charged [or any lesser crime].**

*Give if applicable.*
**If the evidence establishes that the defendant had been adjudged insane by a court, and has not been judicially restored to legal sanity, then you should assume the defendant was insane at the time of commission of the alleged crime, unless the evidence convinces you otherwise.**

*Give in all cases.*
**If you find that** (defendant) **committed** ~~the crime~~ (crime alleged or lesser-included crimes of the crime alleged) **but you find by clear and convincing evidence that the defendant was insane, then you should find [him] [her] not guilty by reason of insanity.**

**If your verdict is that the defendant is not guilty by reason of insanity, that does not necessarily mean [he] [she] will be released from custody. I must conduct further proceedings to determine if the defendant should be committed to a mental hospital, or given other outpatient treatment or released.**

## Comments

*This paragraph should be read only where it is applicable and appropriate under the facts of the case. "[D]iminished capacity is not a viable defense in Florida." *Evans v. State*, 946 So. 2d 1, 11 (Fla. 2006); *Lukehart v. State*, 70 So. 3d 503, 515 (Fla. 2011). Evidence of an abnormal mental condition not constituting legal insanity is inadmissible "for the purpose of proving either that the accused could not or did not entertain the specific intent or state of mind essential to proof

of the offense, in order to determine whether the crime charged, or a lesser degree thereof, was in fact committed." *Chestnut v. State*, 538 So. 2d 820 (Fla. 1989). In some cases, however, such evidence, or something that jurors might interpret as such evidence, might be admitted presumably for another purpose or might simply be obvious or apparent from the facts of the case. In such cases, it could be appropriate in the court's discretion to give this instruction to avoid the possibility of juror confusion.

See*See* Instruction 3.6(p) for an instruction regarding abnormal mental conditions not constituting insanity.

Factual or logical inconsistencies, other than true inconsistent verdicts, are permissible in Florida. A jury may therefore find a defendant not guilty by reason of insanity for one crime and guilty for another crime, even though the two crimes were committed during the same episode. *State v. Cappalo*, 932 So. 2d 331 (Fla. 2d DCA 2006). As a result, in cases where the defense is insanity, each count should have its own place on the verdict form for the option of not guilty by reason of insanity.

This instruction was adopted in 1982 [431 So._2d 600], and was amended in 1986 [483 So._2d 428], 1994 [636 So._2d 502], 2006 [939 So. 2d 1052], and 2017 [213 So. 3d 680], and 2019.

### 3.6(e)(1) INVOLUNTARY INTOXICATION NEGATING SPECIFIC INTENT
§ 775.051 Fla. Stat.

**Voluntary intoxication is not a defense. A person is voluntarily intoxicated if he or she knowingly consumed a substance that he or she knew or should have known could cause intoxication.**

**However, a defense asserted in this case is that the defendant was involuntarily intoxicated to the point that [he] [she] could not form [a premeditated design to kill] [the intent to** (specific intent charged)**]. This defense applies when:**

*Give a or b as applicable.*

a. *§ 775.051, Fla. Stat.; Lucherini v. State, 932 So. 2d 521 (Fla. 4th DCA 2006); Cobb v. State, 884 So. 2d 437 (Fla. 1st DCA 2004).*

    **1.** (Defendant) **was lawfully prescribed [**(name of Chapter 893 substance)**] by a practitioner.**

    **2.** (Defendant) **[used] [consumed] [injected]** [(name of Chapter 893 substance)] **as it was prescribed and directed by the practitioner.**

    **3. As a result of taking** [(name of Chapter 893 substance)] **as prescribed,** (defendant) **was so intoxicated that [he] [she] could not form [a premeditated design to kill] [the intent to** (specific intent charged)**] at the time of the offense.**

b. *Carter v. State, 710 So. 2d 110 (Fla. 4th DCA 1998).*

    **1.** (Defendant)**, without any fault on [his] [her] part, [unknowingly ingested an intoxicating liquor, drug, or other substance] [knowingly ingested an intoxicating liquor, drug, or other substance because of force, fraud, duress, or trickery].**

    **2. As a result,** (defendant) **was so intoxicated that [he] [she] could not form [a premeditated design to kill] [the intent to** (specific intent charged)**] at the time of the offense.**

*Give if applicable.*
**In determining the issue of involuntary intoxication, you may consider the testimony of expert and non-expert witnesses.**

*§§ 775.051, 893.02(2~~1~~3) Fla. Stats.*
**"Practitioner" means a physician licensed pursuant to chapter 458, a dentist licensed pursuant to chapter 466, a veterinarian licensed pursuant to chapter 474, an osteopathic physician licensed pursuant to chapter 459, <u>an advanced practice registered nurse licensed under chapter 464</u>, a naturopath licensed pursuant to chapter 462, <u>a certified optometrist licensed under chapter 463, a psychiatric nurse,*</u>~~or~~ a podiatric physician licensed pursuant to chapter 461, <u>or a physician assistant licensed under chapter 458 or chapter 459</u> provided such practitioner holds a valid federal controlled substance**

**registry number.**

*Give in all cases.*

**The [use of medication] [consumption of an intoxicating liquor, drug, or other substance] that merely arouses passions, diminishes perceptions, releases inhibitions, or clouds reason and judgment does not excuse the commission of a crime.**

**However, where a certain mental state is an essential element of a crime and a person was involuntarily intoxicated to the extent [he] [she] was incapable of forming that mental state, the mental state would not exist and therefore the crime could not be committed.**

**As I have told you, [a premeditated design to kill] [the intent to** (specific intent charged)**] is an essential element of** (crime charged or appropriate lesser-included offenses).

**Therefore, if you find that the defendant was involuntarily intoxicated to the extent of being incapable of forming [a premeditated design to kill] [the intent to** (specific intent charged)**], or if you have a reasonable doubt about it, you should find the defendant not guilty of** (crime charged or appropriate lesser-included offenses)**.**

### Comments

The ⅼLegislature eliminated voluntary intoxication as a defense effective October 1, 1999.

*If necessary, define "psychiatric nurse" from § 394.455, Fla. Stat.

This instruction was adopted in 2013 [122 So. 3d 302], and amended in 2019.


## 3.6(e)(2) INVOLUNTARY INTOXICATION RESULTING IN INSANITY
§ 775.051 Fla. Stat.

**Voluntary intoxication is not a defense. A person is voluntarily intoxicated if he or she knowingly consumed a substance that he or she knew or should have known could cause intoxication.**

However, a defense asserted in this case is that the defendant was involuntarily intoxicated to the point of insanity at the time the crime was allegedly committed. A person is considered involuntarily intoxicated to the point of insanity when:

*Give a or b as applicable.*

a.  *§ 775.051, Fla. Stat.; Brancaccio v. State, 698 So. 2d 597 (Fla. 4th DCA 1997); Cobb v. State, 884 So. 2d 437 (Fla. ~~5th~~[1st] DCA 2004).*

1.  (Defendant) **was lawfully prescribed [**(name of Chapter 893 substance)**] by a practitioner.**

2.  (Defendant) **[used] [consumed] [injected] [**(name of Chapter 893 substance)**] as it was prescribed and directed by the practitioner.**

3.  **As a result of taking [**(name of Chapter 893 substance)**] as prescribed:**

    a.  (defendant) **did not know what [he] [she] was doing or its consequences or**

    b.  (defendant) **knew what [he] [she] was doing and its consequences, but did not know it was wrong.**

b.  *Carter v. State, 710 So. 2d 110 (Fla. 4th DCA 1998).*

1.  (Defendant)**, without any fault on [his] [her] part, [unknowingly ingested an intoxicating liquor, drug, or other substance] [knowingly ingested an intoxicating liquor, drug, or other substance because of force, fraud, duress, or trickery].**

2.  **As a result of consuming an intoxicating liquor, drug, or other substance:**

    a.  (defendant) **did not know what [he] [she] was doing or its consequences or**

**b.** (defendant) **knew what [he] [she] was doing and its consequences, but did not know it was wrong.**

*Give if applicable.*
A defendant who believed that what [he] [she] was doing was morally right was not insane if [he] [she] knew that what [he] [she] was doing violated societal standards or was against the law.

*Give if applicable.*
§§ 775.051, 893.02(2~~1~~3) Fla. Stat~~s~~.
**"Practitioner" means a physician licensed pursuant to chapter 458, a dentist licensed pursuant to chapter 466, a veterinarian licensed pursuant to chapter 474, an osteopathic physician licensed pursuant to chapter 459, <u>an advanced practice registered nurse licensed under chapter 464</u>, a naturopath licensed pursuant to chapter 462, <u>a certified optometrist licensed under chapter 463, a psychiatric nurse,</u>\*~~or~~ a podiatric physician licensed pursuant to chapter 461<u>, or a physician assistant licensed under chapter 458 or chapter 459</u> provided such practitioner holds a valid federal controlled substance registry number.**

In determining the issue of involuntary intoxication to the point of insanity, you may consider the testimony of expert and non-expert witnesses.

*Give in all cases.*
The [use of medication] [consumption of an intoxicating liquor, drug, or other substance] that merely arouses passions, diminishes perceptions, releases inhibitions, or clouds reason and judgment does not excuse the commission of a crime.

All persons are presumed to be sane. The defendant has the burden of proving the defense of involuntary intoxication to the point of insanity by clear and convincing evidence. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief, without hesitation, about the matter in issue.

If you find that (defendant) committed the crime <u>charged [or any lesser-included offenses]</u> but you find that [he] [she] proved by clear and convincing evidence that [he] [she] was involuntarily intoxicated to the point of insanity, you should find [him] [her] not guilty.

**Comments**

The lLegislature eliminated voluntary intoxication as a defense effective October 1, 1999.

*If necessary, define "psychiatric nurse" from § 394.455, Fla. Stat.

This instruction was adopted in 2013 [122 So. 3d 302], and amended in 2019.

**3.6(j) ENTRAPMENT**
§ 777.201, Fla. Stat.

**The defense of entrapment has been raised.** (Defendant) **was entrapped if:**

1.    **[he] [she] was, for the purpose of obtaining evidence of the commission of a crime, induced or encouraged to engage in conduct constituting the crime of** (crime charged or any applicable lesser-included offense)**, and**

2.    **[he] [she] engaged in such conduct as the direct result of such inducement or encouragement, and**

3.    **the person who induced or encouraged [him] [her] was a law enforcement officer or a person engaged in cooperating with or acting as an agent of a law enforcement officer, and**

4.    **the person who induced or encouraged [him] [her] employed methods of persuasion or inducement which created a substantial risk that the crime would be committed by a person other than one who was ready to commit it, and**

5.    (defendant) **was not a person who was ready to commit the crime.**

*When claim of entrapment no defense.*
~~It is not entrapment if~~ (defendant) ~~had the predisposition to commit the~~ ~~(crime charged).~~ **Entrapment is not a defense to a crime if** (defendant) **had the predisposition to commit that crime.** (Defendant) **had the predisposition if before any law enforcement officer or person acting for the officer persuaded, induced, or lured** (defendant)**, [he] [she] had a readiness or willingness to commit** (crime charged or any applicable lesser-included offense) **if the opportunity presented itself.**

**It also is not entrapment merely because a law enforcement officer, in a good faith attempt to detect crime,**

> *Give a, b, and/or c as applicable.*
> a. ~~[~~**provided the defendant the opportunity, means, and facilities to commit the offense, which the defendant intended to commit and would have committed otherwise.**~~]~~
>
> b. ~~[~~**used tricks, decoys, or subterfuge to expose the defendant's criminal acts.**~~]~~
>
> c. ~~[~~**was present and pretending to aid or assist in the commission of the offense.**~~]~~

**On the issue of entrapment, the defendant must prove to you by the greater weight of the evidence that a law enforcement officer or agent induced or encouraged the crime charged. Greater weight of the evidence means that evidence which is more persuasive and convincing. If the defendant does so, the State must prove beyond a reasonable doubt that the defendant was predisposed to commit the** (crime charged or any applicable lesser-included offense)**. The State must prove defendant's predisposition to commit the** (crime charged or any applicable lesser-included offense) **existed prior to and independent of the inducement or encouragement.**

> *Definition. Farley v. State, 848 So. 2d 393 (Fla. 4th DCA 2003); Marreel v. State, 841 So. 2d 600, 603 (Fla. 4th DCA 2003).*
> **"Inducement" is defined as any government conduct creating a substantial risk that an otherwise law-abiding citizen would commit an**

**offense, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship. Neither mere solicitation nor the creation of opportunities to commit an offense constitutes inducement.**

*Give if applicable.*
**An informant is an agent of law enforcement for purposes of the entrapment defense.**

**If you find that the defendant was entrapped, you should find the defendant not guilty of** (crime charged or any applicable lesser-included offense)**. If, however, you find that the defendant was not entrapped, you should find the defendant guilty if all of the elements of the charge have been proved.**

## Comments

~~This instruction is to be used for offenses occurring on or after October 1, 1987.~~There may be instances where the defense of entrapment will apply to the crime charged but will not apply to a lesser-included offense. The trial judge should consult with the parties to determine whether the defense of entrapment applies to any lesser included offenses.

This instruction should be given only if there is some evidence of the defendant's lack of predisposition to commit the crime. ~~See~~ *Munoz v. State*, 629 So._2d 90 (Fla. 1993).

This instruction was adopted in 1981 and was amended in 1989 [543 So. 2d 1205], ~~and~~ 1998 [723 So. 2d 123], and 2019.

## 3.14 SCORESHEET FINDINGS
*Give any of the following where necessary but only if alleged in the State's charging document. See Comment.*

## Victim Injury Points
## (Section III on the Criminal Punishment Code scoresheet)

**If you find** (defendant) **guilty of** (name of crime [or relevant lesser-included offenses])**, you must then answer the following question[s]:**

**Did the State prove beyond a reasonable doubt that** (victim) **died as a direct result of the** (name of crime [or relevant lesser-included offenses])**?**

        **_____Yes**
        **_____No**

**Did the State prove beyond a reasonable doubt that** (victim) **suffered severe physical injury as a direct result of the** (name of crime [or relevant lesser-included offenses])**?**

        **_____Yes**
        **_____No**

**Did the State prove beyond a reasonable doubt that** (victim) **suffered moderate physical injury as a direct result of the** (name of crime [or relevant lesser-included offenses])**?**

        **_____Yes**
        **_____No**

**Did the State prove beyond a reasonable doubt that** (victim) **suffered slight physical injury as a direct result of the** (name of crime [or relevant lesser-included offenses])**?**

        **_____Yes**
        **_____No**

*For sex crimes, physical injury points (if physical injury occurred) must be scored in addition to points scored for either sexual contact or sexual penetration. § 921.0022(7), Fla. Stat.*
*Pursuant to § 921.0022(7), Fla. Stat., sexual contact or sexual penetration points cannot be scored for violations of § 944.35(3)(b)2., Fla. Stat., or § 872.06, Fla. Stat.*

**Did the State prove beyond a reasonable doubt there was sexual penetration between** (victim) **and** (defendant) **during the commission of the** (name of crime [or relevant lesser-included offenses])**?**

_____Yes
_____No

**Did the State prove beyond a reasonable doubt there was sexual contact between** (victim) **and** (defendant) **during the commission of the** (name of crime [or relevant lesser-included offenses])**?**

_____Yes
_____No

### Firearm/Semi-Automatic or Machine Gun Points
### (Section VII on the Criminal Punishment Code scoresheet)

*Firearm points may only be scored if the defendant is found guilty of committing or attempting to commit a felony other than those enumerated in § 775.087(2), Fla. Stat.*

*Semi-automatic or machine gun points may be scored only if the defendant is found guilty of committing or attempting to commit a felony other than those enumerated in § 775.087(3), Fla. Stat.*

**If you find** (defendant) **guilty of** (name of crime [or relevant lesser-included offenses])**, you must then answer the following question:**

**Did the State prove beyond a reasonable doubt that while [attempting to commit] [committing]** (name of crime [or relevant lesser-included offenses])**, the defendant possessed a [firearm] [semi-automatic firearm] [machine gun]?**

_____Yes
_____No

*Use for firearm points. § 790.001(6), Fla. Stat.*

**A "firearm"** means any weapon [including a starter gun] which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer;] [any destructive device;]. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime. An antique firearm is *(insert definition in § 790.001(1), Fla. Stat.*] [**A destructive device is** *(insert definition in § 790.001(4), Fla. Stat.*].

*Use a shortened definition of firearm for semi-automatic or machine gun points.*
*§ 790.001(6), Fla. Stat.*
**A "firearm"** means any weapon which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; [the frame or receiver of any such weapon;] [any firearm muffler or firearm silencer].

*§ 775.087(3), Fla. Stat.*
**"Semiautomatic firearm"** means a firearm which is capable of firing a series of rounds by separate successive depressions of the trigger and which uses the energy of discharge to perform a portion of the operating cycle.

*§ 790.001(9), Fla. Stat.*
**"Machine gun"** means any firearm which shoots, or is designed to shoot, automatically more than one shot, without manually reloading, by a single function of the trigger.

*Possession.*
**To prove** (defendant) **"possessed"** a [firearm] [semi-automatic firearm] [machine gun], the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the [firearm] [semi-automatic firearm] [machine gun] and b) intentionally exercised control over it.

*Give if applicable.*
**Control can be exercised over a [firearm] [semi-automatic firearm] [machine gun] whether it is carried on a person, near a person, or in a completely separate location. Mere proximity to a [firearm] [semi-automatic firearm] [machine gun] does not establish that the person intentionally exercised control over it in the absence of additional evidence. Control can be**

**established by proof that** (defendant) **had direct personal power to control the [firearm] [semi-automatic firearm] [machine gun] or the present ability to direct its control by another.**

*Joint possession.*
**Possession of a [firearm] [semi-automatic firearm] [machine gun] may be sole or joint, that is, two or more persons may possess it.**

## Criminal Gang Offense
### (Section IX on the Criminal Punishment Code scoresheet)

**If you find** (defendant) **guilty of** (name of primary offense [or relevant lesser-included offenses that would still be the primary offense])**, you must then answer the following question:**

**Did the State prove beyond a reasonable doubt the defendant committed the crime for the purpose of benefiting, promoting, or furthering the interests of a criminal gang?**

**_____Yes**
**_____No**

*§ 874.03, Fla. Stat.*
**"Criminal gang" means a formal or informal ongoing organization, association, or group that has as one of its primary activities the commission of criminal or delinquent acts, and that consists of three or more persons who have a common name or common identifying signs, colors, or symbols, including, but not limited to, terrorist organizations and hate groups.**

## Domestic Violence in Presence of a Child Under 16
### (Section IX on the Criminal Punishment Code scoresheet)

**If you find** (defendant) **guilty of** (name of primary offense [or relevant lesser-included offenses that would still be the primary offense])**, you must then answer the following questions:**

**Did the State prove beyond a reasonable doubt the** (name of primary offense [or relevant lesser-included offenses that would still be the primary offense]) **was a crime of domestic violence?**

_____Yes
_____No

**Did the State prove beyond a reasonable doubt the** (name of primary offense [or relevant lesser included offenses that would still be the primary offense]) **was committed in the presence of a child under 16 years of age who was a family or household member of either the defendant or the victim?**

_____Yes
_____No

*§ 741.28, Fla. Stat.*
**"Domestic violence" means any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member.**

**"Family or household member" means spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, and persons who are parents of a child in common regardless of whether they have been married. With the exception of persons who have a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.**

**Comments**

*Alleyne v. United States,* 570 U.S. 99 (2013), requires that any fact that increases the required minimum sentence must be found by the jury. Accordingly, it is probably necessary to have a jury finding in order to add scoresheet points for facts that do not inhere in the verdict where that would change the minimum or maximum allowable or mandatory sentence. However, because *Apprendi v. New Jersey*, 530 U.S. 466 (2000), exempts recidivism from jury fact-finding, it is unlikely that scoresheet points related to recidivism factors require a jury finding.

This instruction need not be given in cases where the verdict regarding the crime itself makes clear that particular injury points should be applied. For example, if a defendant is found guilty of a homicide, scoresheet points for death can be added based solely on the verdict. Similarly, a conviction for crimes such as aggravated battery causing great bodily harm or DUI causing serious bodily injury would probably allow for the addition of scoresheet points for severe physical injury.

In addition, unless these scoresheet findings could result in increasing the minimum or maximum allowable or mandatory sentence beyond what could otherwise be imposed, submission of these matters to the jury may be unnecessary.

But a guilty verdict for sexual battery may not allow for sexual penetration points in the absence of a jury finding that penetration occurred, since sexual battery may be committed by sexual contact. *Blair v. State*, 201 So. 3d 800 (Fla. 4th DCA 2016). Also, the scoresheet multiplier for a crime of domestic violence committed in the presence of a child requires a jury finding if it would result in increasing the minimum allowable sentence. *Cartagena v. State*, 237 So. 3d 417 (Fla. 4th DCA 2018). Similarly, designating someone as a dangerous sexual felony offender and imposing a mandatory minimum sentence requires a jury finding. *Britten v. State*, 181 So. 3d 1215 (Fla. 1st DCA 2015).

This verdict form was adopted in 2019.

## 7.7(c) ASSISTED SELF-MURDER
§ 782.08, Fla. Stat.

**To prove the crime of Assisted Self-Murder, the State must prove the following three elements beyond a reasonable doubt:**

**1.** (Victim) **is dead.**

**2.**      (Victim) **committed self-murder.**

**3.**      (Defendant) **deliberately assisted in the self-murder of** (victim)**.**

*Definitions.*
*§ 782.081(1)(b), Fla. Stat.*
**"Self-murder" means the voluntary and intentional taking of one's own life.**

## Lesser Included Offenses

No lesser-included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2019.